## Warner M. Sweet, Respondent, *v.* Augustus W. Henry et al., Appellants.

1. REAL PROPERTY — DEEDS — CONSTRUCTIVE NOTICE. A grantee is presumed to have examined the conveyances in his chain of title and is chargeable with constructive notice of a lease of a portion of the premises for a term of years, and of the rights of the lessees thereunder, although the lease was never recorded, where all the conveyances, except the deed to such grantee, contained exceptions and reservations of the rights of the lessees under the lease, especially where an assignee of such lease was occupying the leasehold premises and the slightest inquiry by the grantee would have disclosed the facts.

2. MERGER — FEE — LEASE. The acquisition by the owner of real property in fee of an outstanding lease of a portion of the premises for a term of years, under which a building erected thereon by the lessees is declared in legal effect to be personal property subject to the right of removal at the expiration of the term, does not merge the title to such building in the fee of the land, since such title does not rest upon the law of merger, but upon the terms of the lease.

3. APPEAL — FINDINGS — CONCLUSIVENESS. The Court of Appeals is confined to the findings of fact made by a referee and is not permitted to look into the record for additional facts.

4. EVIDENCE — IMMATERIALITY. The erroneous admission of immaterial evidence does not constitute prejudicial and reversible error when it has no bearing upon the issues.

5. SAME. The admission of incompetent and immaterial evidence by a referee in a cause tried before him is not ground for reversal where it worked no such prejudice as to constitute reversible error.

*Sweet* v. *Henry*, 66 App. Div. 383, reversed.

(Argued May 1, 1903; decided June 2, 1903.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 2, 1901, reversing a judgment in favor of defendants entered upon the report of a referee and granting a new trial.

The referee found in substance as follows: In July, 1884, one Van Dresser was the owner and in possession of certain hotel property in the town of Hume, in the county of Allegany, and on that day he leased to Baker and Sweet, for a

period of fifteen years, a vacant strip of land forty feet wide and one hundred and twenty feet long, the lease providing: " Said second parties agree that they will during said term maintain on said premises a skating rink or public hall, for which purpose alone these premises are leased, which building and fixtures thereto belonging second parties may remove at the end of their term." This lease was never recorded. Thereafter Baker and Sweet erected the building contemplated, placing it upon stone abutments and not a continuous wall.

In May, 1885, Van Dresser conveyed to one Crandall. This deed contained the following exception: " Also excepting and reserving the use of the land on which a certain skating rink now stands for the use of said rink for the term of fifteen years from the year 1884." This deed was duly recorded.

At this time Crandall gave to Van Dresser a mortgage to secure the payment of $2,200.00 of the unpaid purchase price and inserted therein the above-quoted exception. This mortgage was duly recorded. In September, 1885, Van Dresser assigned this mortgage to one Relief Sweet.

In March, 1886, this mortgage was assigned to John Dunn, who died owning it.

In May, 1886, Crandall conveyed the property to the defendant Augustus W. Henry, the deed containing the same exception as his deed from Van Dresser. This deed also contained the following: " This conveyance is subject to a mortgage, made by C. Sherman Crandall to Charles D. Van Dresser on the first day of May, 1885, on which there is now due $1,974.50, and which mortgage is now held by John Dunn of Genesee Falls, N. Y. That when said uses relating to the skating rink, lock-up and watering trough shall have lapsed by expiration of time, the fee absolute of the lands upon which the same stand shall become vested and pass by this conveyance as though such had never been created. The said premises being the same real estate referred to in said deed of Van Dresser to C. Sherman Crandall except as shall

relate differently to said Meaches' land." Following the cove-
nant of warranty in this deed were these words : " Except as
against the exception and reservation and against the mortgage
above mentioned."

It appears that Augustus W. Henry, one of the defendants,
entered into the possession of the hotel property at the time
he took the above conveyance and occupied the same contin-
uously as a hotel until after the foreclosure sale under the
Dunn mortgage in March, 1898, shortly after which he vacated
the hotel, and with his wife, the defendant Hettie Henry,
moved into and occupied a portion of the skating rink build-
ing as a dwelling house, and so continued to the time of the
trial of this action.

About two years after Augustus W. Henry took title to the
hotel property, and on the 6th day of June, 1888, he received
from Baker, one of the lessees of said land on which stood
the skating rink, an assignment of the interest of Baker
in the rink and the personal property contained therein ;
and in the same instrument there was also a transfer of
Baker's interest in the lease of the land on which the rink
stood.

On the 8th of June, 1888, Augustus W. Henry received
from Sweet a like transfer of all his interest, Sweet retaining
title to the property sold until the same should be paid for
according to the terms of the agreement; such transfer was
filed in September, 1888, in the clerk's office of the town of
Hume.

About a year after the defendant Augustus W. Henry took
these assignments from Baker and Sweet, and in the summer
of 1889 he refinished the inside of the building by ceiling the
same overhead and upon the sides, placing therein a stage and
balconies, and converted the same into an opera house, place
or hall for holding theatricals, public meetings and political
gatherings. Defendant Henry expended upon said improve-
ments upwards of a thousand dollars. Thereafter the build-
ing was used for public purposes as was designed in its
erection.

The referee finds that the maintenance of this skating rink building was, owing to its close proximity to the hotel, a great advantage to the defendant Henry by increasing its patronage.

On the 25th day of June, 1897, about two years before the commencement of this action, Augustus W. Henry, for an express consideration of five hundred dollars, executed an instrument under seal, which purported to convey and transfer to his mother, Rosetta Henry, her executors, administrators and assigns, among other personal property, " one opera house, being the opera house which I purchased of Nelson B. Baker and R. Duane Sweet, and all the personal property there now is in said opera house," etc. ; this bill of sale was delivered to Rosetta, with the keys of the building.

On the 12th day of June, 1899, Van Dresser executed and delivered to Hettie Henry, one of the defendants, an instrument in form a quitclaim deed, which purported to convey to her all the unexpired term of fifteen years which was excepted and reserved in the deed of Van Dresser to C. Sherman Crandall, dated May 1st, 1885. The referee finds the commencement of this action and the arrangement by which the plaintiff was permitted to remove the building on execution of a bond for damages.

In June, 1897, Nellie Dunn, executrix of John Dunn, foreclosed the mortgage assigned to him in 1886, judgment being entered in January, 1898. The judgment directed the sale of the property to satisfy the mortgage debt and contained the same exception as to the lands on which the skating rink stood as was contained in the mortgage ; the referee in March, 1898, sold the premises pursuant to a notice containing, with the description of the property, the same exception and reservation of the lands on which the skating rink stood as was contained in the mortgage and judgment. This notice was read to the bidders at the sale, and Nellie Dunn bid in the property and received the referee's deed.

On April 28th, 1898, Nellie Dunn conveyed by a quitclaim deed to one Howden, which contained the same exception and

reservation as to the use of the lands on which stood the skating rink as contained in the mortgage.

On April 29th, 1898, the plaintiff, Warner M. Sweet, appears upon the scene. On the last-mentioned day Howden entered into a contract with Sweet, agreeing to convey to him the Ingham House hotel property, including all the property deeded by Nellie Dunn to him.

In April, 1900, and after this action was commenced, Howden conveyed by quitclaim deed the premises to this plaintiff, *omitting* in the description in the said deed the exception and reservation as to the use of the lands on which stood the skating rink, which had theretofore been contained in all the conveyances in the chain of title to the plaintiff. This deed was executed in pursuance of the agreement hereinbefore referred to, made between Howden and the plaintiff on April 28th, 1898.

The last finding of fact reads as follows : " *Thirteenth.* That it was not the intention of said Augustus W. Henry, when he purchased the said skating rink, or at any time thereafter, that the title to the said building should merge in the fee of the land, or that the same should come under and be subjected to the lien of the said Dunn mortgage, and it was for his interest and more beneficial to him that such merger should not occur."

The referee then decided, as conclusions of law, as follows : " *First.* That when the defendant Henry took to himself a conveyance of the term for years from Baker and Sweet, such term was merged and extinguished in the fee then vesting in him, but that such building as between the original lessor and lessees was personal property, and was not converted into real estate by such merger, and that the title to such building was not merged or sunk in the fee of the land by the acquisition of the term of the lease by the said Henry.

" *Second.* That by the terms of the judgment of foreclosure and the exceptions and reservations in the deeds constituting the plaintiff's chain of title which expressly excepts from their operation the use of the land on which the skating rink stood, the plaintiff is estopped from asserting here the fact of merger,

or to claim that such building became subjected to the lien of the said mortgage, or that title to the building passed to him under the mortgage sale and subsequent conveyances."

*J. H. Waring, E. E. Harding* and *G. W. Harding* for appellants. The plaintiff must be deemed to have investigated the title and examined every deed and instrument on record which formed a part of it, and to have known every fact disclosed by them and every other fact which an inquiry suggested by them would lead to. (*McPherson v. Rollins,* 107 N. Y. 316; *Acer v. Wescott,* 46 N. Y. 384; *Anderson v. Blood,* 152 N. Y. 285; *Williamson v. Brown,* 15 N. Y. 354.) Defendants' possession was notice of their claim. (*Paye v. Waring,* 76 N. Y. 463; *Freer v. Sweet,* 118 N. Y. 454.) The proofs in the case do not show that the plaintiff did not have actual knowledge of the defendants' claim to the building at the time he entered into his agreement to purchase and before he had paid any part of the price. (*Jewett v. Palmer,* 7 Johns. Ch. 65; *Simpson v. Del Hoyo,* 94 N. Y. 189; *Seymour v. McKinstry,* 106 N. Y. 230; *Boulton v. Jack,* 6 Robt. 166; *Stevens v. Benedict,* 79 N. Y. 254; *Devoe v. Brandt,* 53 N. Y. 462.) There was no merger. (*Asche v. Asche,* 152 N. Y. 332; *James v. Morey,* 2 Cow. 285; *Champney v. Coope,* 32 N. Y. 543; *Smith v. Roberts,* 91 N. Y. 476; *Curtis v. Moore,* 152 N. Y. 159.) The lease gave Baker and Sweet the right to remove the building at any time during the term. The structure was, therefore, personal property while it remained in their hands. (*G. M. M. Co. v. Quinn,* 76 N. Y. 23; *Mott v. Palmer,* 1 N. Y. 564; *Ford v. Cobb,* 20 N. Y. 344; *Tifft v. Horton,* 53 N. Y. 377; *McFadden v. Allen,* 134 N. Y. 494.) The foreclosure judgment conclusively establishes there was no merger. (*Doty v. Brown,* 4 N. Y. 71; *Castle v. Noyes,* 14 N. Y. 329; *Burt v. Sternburgh,* 4 Cow. 549; *Kingsland v. Spaulding,* 3 Barb. Ch. 341; *Embury v. Conner,* 3 N. Y. 511; *Le Guen v. Gouverneur,* 1 Johns. Ch. 436; *Ethelridge v. Osborn,* 12 Wend. 399; *Kamp v. Kamp,* 59 N. Y. 212.)

18

*F. A. Robbins* and *H. H. Relyea* for respondent. Plaintiff is not estopped from claiming title to the building because of the terms of judgment of foreclosure and the exceptions and reservations in the deeds constituting the plaintiff's chain of title. (*Edmonston* v. *Edmonston,* 13 Hun, 133; *De Sollar* v. *Hancome,* 158 U. S. 216; *Campbell* v. *Consalus,* 25 N. Y. 613; *Shaw* v. *Broadbent,* 129 N. Y. 114; *Bunta* v. *Merchant,* 173 N. Y. 292; *Blackman* v. *Stuker,* 142 N. Y. 555; *Duryea* v. *Mayor, etc.,* 62 N. Y. 592; *Smith* v. *Cornell University,* 21 Misc. Rep. 220; *Maloney* v. *Horan,* 49 N. Y. 111; *McFadden* v. *Allen,* 134 N. Y. 489.) The report of the referee cannot be sustained upon the theory that the plaintiff had actual or constructive notice of the right of the defendants to remove the building under the terms of the lease. (*Simpson* v. *Del Hoyo,* 94 N. Y. 189; *Clemans* v. *S. A. R. S. of G. F.,* 131 N. Y. 485; *Comstock* v. *Ames,* 1 Abb. Ct. App. Dec. 411; *Meyer* v. *Amidon,* 45 N. Y. 160; *Armstrong* v. *Du Bois,* 90 N. Y. 95; *Beach* v. *Cooke,* 28 N. Y. 508; *L. F. Co.* v. *L. G. & F. Co.,* 82 N. Y. 476; *Jackson* v. *McChesney,* 7 Cow. 360; *Wood* v. *Chapin,* 13 N. Y. 509; *Ward* v. *Isbill,* 73 Hun, 550.) Upon the evidence of the defendants themselves the building was part of the realty at the time of the foreclosure sale. (*Cornell* v. *Maltby,* 165 N. Y. 557; *L. F. Co.* v. *L. G. & F. Co.,* 82 N. Y. 476; *Kinkead* v. *U. S.,* 150 U. S. 483; *Mott* v. *Palmer,* 1 N. Y. 564; *Leonard* v. *Clough,* 133 N. Y. 292; *Rowland* v. *Swarts,* 17 N. Y. Supp. 399; *Mayor, etc.,* v. *H. F. Ins. Co.,* 10 Bosw. 537; *Mayor, etc.,* v. *B. F. Ins. Co.,* 41 Barb. 231; *Kellan* v. *McKinstry,* 69 N. Y. 264; *P. Mills* v. *Miller,* 4 N. Y. S. R. 787.) The admission of the judgment roll in the action brought by Hettie Henry against James Hodnett and another was error. (*Clark* v. *Norman,* 68 Hun, 372; *Chapman* v. *Frank,* 5 N. Y. Supp. 448; *De Graff* v. *Hovey,* 16 Abb. Pr. 120; *Jefferson* v. *N. Y. E. R. R. Co.,* 132 N. Y. 483; *Foote* v. *Beecher,* 78 N. Y. 155; *Gilman* v. *Healy,* 11 N. Y. S. R. 517.) The admission of the conversation between plaintiff and defendant in reference to purchasing the building was

error. (*Tennant* v. *Dudley*, 144 N. Y. 504; *Smith* v. *Satterlee*, 130 N. Y. 677.)

BARTLETT, J.   The plaintiff, as the owner of certain premises, brought this action to restrain by injunction the removal of a building therefrom.   A temporary injunction was granted, and afterwards modified by consent of parties so as to permit the defendants to remove the building on giving a bond for damages.

The single point is presented whether the plaintiff was chargeable with constructive notice of the alleged right of the defendants to remove the building in question.

This opinion is preceded by a statement of the facts showing in detail the chronology of the case and the disclosures in the chain of title under which the plaintiff received his deed.

The referee found, in substance, that the plaintiff was chargeable with constructive notice of the right of the defendant Henry to remove the structure known as the "skating rink" from the premises.   He, therefore, dismissed the complaint on the merits with costs.

The learned Appellate Division, with a divided court, reversed the judgment entered upon the report of the referee. This reversal was upon the law only.

The material facts may be briefly stated as follows : Van Dresser, the owner of certain real estate, leased a strip thereof to Baker and Sweet, for a period of fifteen years, the instrument providing that the second parties agree "that they will during said term maintain on said premises a skating rink or public hall, for which purpose alone the premises are leased, which building and fixtures thereto belonging second parties may remove at the end of their term."   This lease was not recorded.   Thereupon the skating rink was erected.   Later there were a series of conveyances, each one of which was recorded and contained the following reservation and exception : " Also excepting and reserving the use of the lands on which a skating rink now stands for the use of said rink for the term of fifteen years from the year 1884."

At the time that Van Dresser, the original owner of the premises, and who gave the lease, conveyed to one Crandall in May, 1885, he took back a mortgage for the unpaid purchase money, which contained the same reservation and exception. This mortgage was foreclosed many years thereafter, the judgment of foreclosure not having been entered until the year 1898. In this foreclosure suit the complaint, the judgment and the notice of sale by the referee all contained the same reservation and exception.

John Dunn died owning this mortgage, and his executrix, Nellie Dunn, foreclosed the same and took title at the sale; on the 28th day of April, 1898, she conveyed by a quitclaim deed to one Howden, which deed contained the same reservation and exception as to the use of the lands for the purpose of the skating rink. Howden conveyed by quitclaim to the plaintiff, omitting the exception and reservation which had theretofore appeared in the chain of title.

The rule of law is well settled that a recital in a deed forming a link in the chain of title of any facts which should put a subsequent grantee or mortgagee upon inquiry and to cause him to examine other matters by which a defect in the title would be disclosed, is constructive notice of such defect.

Where a purchaser of land has knowledge of any facts sufficient to put him on inquiry as to the existence of some right or some title in conflict with that which he is about to acquire, he is presumed either to have made the inquiry and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim to be considered as a *bona fide* purchaser. (*Acer* v. *Westcott*, 46 N. Y. 384; *Williamson* v. *Brown*, 15 N. Y. 354; *McPherson* v. *Rollins*, 107 N. Y. 316; *Anderson* v. *Blood*, 152 N. Y. 285.)

The plaintiff's chain of title extends back through the foreclosure sale, the mortgage on which it is based and the mesne conveyances leading up to Van Dresser, the lessor and owner of the fee. The fact that Howden omitted from his quitclaim deed to plaintiff any reference to the exception and reserva-

tion mentioned in the prior conveyances is of no importance, as under the rule, to which reference has been made, the plaintiff is presumed to have examined the conveyances in his chain of title and to have investigated all facts therein disclosed in any way affecting his rights under the conveyance he was about to accept. If he failed to make such an investigation, but relied on quitclaim deed, he is chargeable with negligence and is estopped from availing himself of any benefit he might have derived by reason of due inquiry.

Assuming that the plaintiff had carefully investigated his chain of title, what would have been disclosed to him? He would have found in all the deeds and the mortgage, through the foreclosure of which his title is derived, the exception reserving the use of the land upon which a certain skating rink building stood for the use of said rink for the term of fifteen years from the year 1884.

It is true that the lease conferring the right upon the owner of the skating rink building to remove it at the end of the term was not recorded, but we here have a distinct reference to the existence of such a right which should lead any purchaser, possessing ordinary caution, to investigate its origin and the written instrument, if any, upon which it rested.

At the time the plaintiff took title, or at the date of his contract which afterwards resulted in a conveyance, the defendant Augustus W. Henry was in the occupancy of the building known as the skating rink, and the slightest inquiry of him by plaintiff would have revealed the true situation, to wit, the existence of the unrecorded lease for fifteen years from the year 1884, with the right in the lessees to remove the building at the end of the term. There were other parties, whose names were disclosed in the chain of title, of which inquiry could have been made.

The fact that Augustus W. Henry, one of the defendants, appeared as a grantee of the fee of these premises is of no special importance, as his conveyance contained the exception and reservation common to all the deeds in the chain of title. Furthermore, if the plaintiff had examined this deed from

Crandall to Augustus W. Henry given in May, 1886, he would have discovered that it contained in addition to the exception and reservation already referred to, the following : " This conveyance is subject to a mortgage made by C. Sherman Crandall to Charles D. Van Dresser on the first day of May, 1885, on which there is now due $1,974.50, and which mortgage is now held by John Dunn of Genesee Falls, N. Y. That when said uses relating to the skating rink, lock-up and water trough shall have lapsed by expiration of time, the fee absolute of the lands upon which the same stand shall become vested and pass by this conveyance as if such had never been created. The said premises being the same real estate referred to in said deed of Van Dresser to C. Sherman Crandall, except as shall relate differently to said Meaches' land." Following the covenant of warranty in this deed were these words : " Except as against the exception and reservation and against the mortgage above mentioned."

Here the plaintiff would have received, if he had examined this conveyance, the additional and impressive notice that there were existing rights as to the skating rink and other matters that would lapse by expiration of time, and their precise nature and origin would have been disclosed by inquiry made of Augustus W. Henry on the premises in question.

The referee decided as a conclusion of law : " That when the defendant Henry took to himself a conveyance of a term for years from Baker and Sweet, such term was merged and extinguished in the fee then vesting in him, but that such building as between the original lessor and lessees was personal property and was not converted into real estate by such merger, and that the title to such building was not merged or sunk in the fee of the land by the acquisition of the term of the lease by the said Henry."

Undoubtedly, Henry, on becoming vested with the fee of the premises in question, took the place of the original lessor, with the ultimate right to the full enjoyment and ownership of the premises at the expiration of the lease. To this extent only there was a merger. As to the skating rink building,

however, it constituted no part of the real estate, as by the terms of the lease it was declared in legal effect to be personal property, subject to the right of removal at the expiration of the term.

The rights of the owners of the skating rink building do not rest upon the law of merger, but on the terms of the lease, as already pointed out.

It is the rule that merger is always a question of intention when two estates vest in one and the same person, and if the grantee manifests no intention on the subject, then in equity he could elect that which was most beneficial to him. (*Asche* v. *Asche*, 113 N. Y. 232; *James* v. *Morey*, 2 Cow. 285; *Champney* v. *Coope*, 32 N. Y. 543; *Smith* v. *Roberts*, 91 N. Y. 476; *Curtis* v. *Moore*, 152 N. Y. 159, 165.)

Chief Judge RUGER said (*Asche* v. *Asche*, *supra*, at pages 235–6) that "In equity the union of legal and equitable estates in the same person does not effect a merger unless such was the intention of the parties and justice and equity require it."

The referee has expressly found as a fact, "That it was not the intention of the said Augustus W. Henry, when he purchased the said skating rink, or at any time thereafter, that the title to said building should merge in the fee of the land, or that the same should come under and be subjected to the lien of the said Dunn mortgage, and it was for his interest and more beneficial to him that such merger should not occur."

If the law of merger were applicable to this situation, we have here the distinct finding that it was not the intention of the defendant Augustus W. Henry that merger should take place as to the building, resting upon sufficient evidence. This finding, if material, is binding upon this court.

It further appears from the findings of fact that the defendant Augustus W. Henry occupied the adjacent hotel property for many years, and that the existence and maintenance of the skating rink building was beneficial to him, as it increased the patronage of the hotel by reason of its close proximity.

There are a variety of facts disclosed by the findings and discussed in the briefs which we deem it unimportant to examine, as the situation disclosed in the chain of title, and with which the plaintiff is chargeable by reason of constructive notice, sustains the conclusions of law made by the referee and required a dismissal of the complaint.

No error of law is disclosed in this record justifying the reversal of the judgment by the Appellate Division, entered upon the report of the referee, unless the objections and exceptions taken by the plaintiff to the admission of evidence present such error.

It appears from the findings that about two years before the commencement of this action Augustus W. Henry transferred to his mother, Rosetta Henry, the skating rink building and the personal property that it contained, delivering to her the keys thereof.

It is in evidence, but not found as a fact by the referee, that Rosetta Henry afterwards transferred the property to Hettie Henry, a defendant, the wife of Augustus. This last transfer is a fact that we cannot take cognizance of, not being found by the referee. This court is confined to the findings of fact and is not permitted to look into the record for additional facts.

It appears that the defendant's counsel offered in evidence the judgment roll in an action wherein Hettie Henry was plaintiff and the sheriff of Allegany county and others were defendants, such action being replevin, to recover certain property, including the building in question, taken on an execution against Augustus W. Henry.

It further appears from the judgment roll that the judgment was entered upon an offer made by the sheriff and accepted by the plaintiff. This offer allowed judgment to be taken against the sheriff and other defendants for the recovery of the possession of the chattels described in plaintiff's complaint, but without damages for the detention thereof and without costs of the action.

This judgment roll was doubtless immaterial, but as it had

no bearing upon the issue as to an existing right to remove the building, its admission did not constitute prejudicial and reversible error. Whether the lease was owned by the original lessees or by their assigns did not concern the plaintiff.

The plaintiff was asked on cross-examination, "Did you try to buy this building?" This was objected to as not material and made for the purpose of settlement. The plaintiff replied "I did in a way; I told him that I would give $300 rather than go any further with it." It was in evidence that the building was worth a far greater sum.

This evidence was doubtless incompetent and immaterial, but as there was no jury it worked no such prejudice to the plaintiff as to present reversible error.

The order appealed from should be reversed, with costs, and the judgment entered upon the report of the referee affirmed.

PARKER, Ch. J., GRAY, O'BRIEN, VANN, CULLEN and WERNER, JJ., concur.

Order reversed, etc.