Joseph COHEN, as Trustee in Bankruptcy of New York Investors Mutual Group., Inc., Petitioner-Appellant,

v.

EAST NETHERLAND HOLDING CO., Respondent-Appellee,

and

Robert Miller, William W. Brill and Barbara E. Lans, Intervenors.

No. 219, Docket 24862.

United States Court of Appeals
Second Circuit.

Argued March 7, 1958.

Decided June 16, 1958.

Frederic A. Johnson, New York City (Bernard A. Grossman, New York City, on the brief), for petitioner-appellant.

David Leavenworth, New York City (Joseph H. Robins, New York City, on the brief), for respondent-appellee.

Stanley N. Queler, New York City (Asher Lans, New York City, on the brief), for intervenors.

Before LUMBARD, WATERMAN and MOORE, Circuit Judges.

LUMBARD, Circuit Judge.

This is an appeal by the trustee in bankruptcy from an order of Judge Weinfeld, Southern District of New York, confirming an order of the Referee in Bankruptcy which dismissed a proceeding brought by the trustee to adjudge the respondent East Netherland Holding Co. a general creditor and to void a claimed lien on certain real property of the bankrupt asserted by the respondent under an unrecorded lease. Robert Miller, William W. Brill and Barbara E. Lans as holders of a first mortgage on the property in question intervened on behalf of the appellant-trustee.

The main question on this appeal is whether a lien on real property owned by the bankrupt, created under a 1935 lease, was so far perfected prior to the bankruptcy that it could not be deemed a voidable preference under § 60 of the Bankruptcy Act, 11 U.S.C.A. § 96. As we hold that the lien was perfected by continuous possession since 1935, we affirm the order of the District Court.

On October 5, 1955 when an involuntary petition in bankruptcy was filed against the New York Investors Mutual Group, Inc., the bankrupt was owner in fee of a plot of land on the northeast corner of 19th Street and Third Avenue in New York City. The respondent East Netherland was then in possession of the land and the three buildings thereon under a 21 year lease which was entered into in 1935 and was due to expire on April 30, 1956. The original lease on the premises was entered into in 1914 between the respective predecessors in interest of the bankrupt and the respondent and it included a renewal provision containing the following covenants:

" * * * Or in Default of Giving Such Renewal, said parties of the first part [i. e. the owners in fee], their successors or assigns, or the owners of the reversion, shall pay unto the said party of the second part [i. e. the lessee], its successors or assigns, the value of the said building now erected and built on the said lot * * * or the value of any other building then standing on the said lot. * * * "

"Provided Always, that the party of the second part, its successors or assigns, shall not be compelled to surrender the premises until such payment be made or tendered."

The 1935 lease under which East Netherland holds as assignee contained the identical language.

The 1914 lease was recorded in the Register's Office, New York County, on April 16, 1914 and the assignments thereof in 1924 and in 1932 were likewise recorded.

The 1935 lease was not recorded until June 11, 1956, after the filing of the involuntary bankruptcy petition. Meanwhile however, on December 1, 1953, almost two years prior to the petition, an assignment of the 1935 lease was recorded.[1] That assignment specifically

---

1. It is not necessary for us to decide whether the recording of the assignment of the 1935 lease constitutes constructive notice under the "block and lot" index system used in New York County and the other counties within New York City as that question was not raised on this appeal. Administrative Code of the City of New York, Chapter 45.

referred to the date, liber and page of the recording of the 1914 lease "together with all renewals thereof. * * * "

Neither the 1914 nor the 1935 lease contains any provision regarding bankruptcy, or the consequences of an adjudication of either the lessor or lessee as a bankrupt.

On December 9, 1955 the trustee notified the respondent East Netherland that he elected to "reject" the 1935 lease and demanded possession of the property. East Netherland thereupon demanded that the trustee pay the value of the three buildings located on the property to be determined by arbitrators as provided by the lease, and it further asserted the right accorded by the lease to remain in possession until that sum was determined and until "payment be made or tendered." East Netherland designated its appraiser and arbitrator, but the trustee refused to make payment and failed to designate an arbitrator and instead brought the present proceeding before the Referee.

Judge Weinfeld in confirming the Referee's dismissal of the trustee's petition, held that under § 70 sub. b of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. b the trustee had the right to reject the unexpired lease but that such rejection did not deprive the lessee of his estate and that under New York law[2] this estate included a lien in possession on the property in favor of the respondent East Netherland until payment of the appraised value of the buildings was made under the terms of the lease. As Judge Weinfeld's clear and well reasoned opinion 153 F.Supp. 772, is dispositive of all of the issues raised by this proceeding save one, we need address ourselves only to that question.

It is argued by the mortgagee intervenors that any lien created by the lease is a voidable preference under § 60, subs. a and b of the Bankruptcy Act because

it had not been recorded until after the filing of the petition in bankruptcy. Section 60, sub. a of the Bankruptcy Act reads in pertinent part as follows:

"(2) * * * A transfer of real property shall be deemed . to have been made or suffered when it became so far perfected that no subsequent bona fide purchaser from the debtor could create rights in such property superior to the rights of the transferee. If any transfer of real property is not so perfected against a bona fide purchase, * * * it shall be deemed to have been made immediately before the filing of the petition.

"(3) The provisions of paragraph (2) shall apply * * * whether or not there are or were persons who might have become bona fide purchasers of such real property."

In order to determine whether the conveyance of the estate granted by the lease was so far perfected prior to four months before bankruptcy that a hypothetical "subsequent bona fide purchase from the debtor * * * " could not create rights in the property superior to those of the lessee, we must look to the applicable state law, here New York. Corn Exchange Nat. Bank & Trust Co. v. Klauder, 1943, 318 U.S. 434, 63 S.Ct. 679, 87 L.Ed. 884; 3 Collier on Bankruptcy, p. 913 (14th Ed. 1941).

The intervenors refer us to § 291 of the New York Real Property Law, McKinney's Consol. Laws, c. 50 which provides in part that a conveyance of real property which is not recorded "is void as against any person who subsequently purchases * * * the same real property * * * in good faith and for a valuable consideration, from the same vendor. * * * " The definition of conveyance under New York law includes a lease for a term exceeding three years, New York Real Property Law, § 290(3),

2. Citing Daniel Holding v. Two Thirty Four, W. F. S. St. Corp., 255 App.Div. 8, 5 N.Y.S.2d 391; Sheridan Associates v. Potasnik, Sup., 155 N.Y.S.2d 81; and

Trustees of Columbia University v. Kalvin, 250 N.Y. 469, 166 N.E. 169, 63 A.L.R. 1151.

and therefore governs the 1935 lease under which the respondent East Netherland claims its lien.

As the term "bona fide purchaser" used in § 60 of the Bankruptcy Act is clearly synonymous with a purchaser "in good faith and for a valuable consideration" referred to in § 291 of the New York Real Property Law, the intervenors would have us find that the lease in question and any lien created thereby was "void" as against the trustee in bankruptcy, or at best a preferential transfer voidable because it was not perfected prior to four months preceding the bankruptcy.

We find that the New York law does not require such a narrow construction.

The almost universal construction placed by courts upon the recording acts protects a subsequent purchaser as against a prior instrument if he pays value in ignorance of such instrument and makes the record of an instrument notice to the subsequent purchaser, irrespective of whether he actually examines the records so as to obtain such information. 5 Tiffany on Real Property § 1262, p. 14 (3rd Ed. 1939); see Sweet v. Henry, 1903, 175 N.Y. 268, 67 N.E. 574.

■ The "bona fide" purchaser mentioned in § 60 of the Bankruptcy Act and the purchaser "in good faith" of § 291 of the Real Property Law refer to a person without actual notice of any prior rights in another. But such a person, despite the utmost good faith would not cut off the rights of a prior estate which had been recorded, because he would be charged with "constructive notice" of those prior interests, by reason of the recording. Cf. Burby on Real Property § 264 (1954).

■ Such constructive notice is not limited to situations where there has been a recording. Cf. 5 Tiffany on Real Property § 1284. Thus possession by a person holding under a prior interest is said to afford constructive notice of his rights. Phelan v. Brady, 1890, 119 N.Y. 587, 591, 23 N.E. 1109, 8 L.R.A. 211;

Gilbert v. Van Kleeck, 3 Dept. 1954, 284 App.Div. 611, 615, 132 N.Y.S.2d 580; Raines v. Moran, Sup., 57 N.Y.S.2d 800, affirmed without opinion, 4 Dept. 1946, 270 App.Div. 979, 62 N.Y.S.2d 817; see also 37 A.L.R.2d 1112 and the cases cited therein.

Admittedly here, the respondent East Netherland was in possession of the premises in question. That possession constituted constructive notice of the respondent's rights in the property. And that constructive notice was sufficient to cut off any interest any subsequent bona fide purchaser might assert.

Thus the estate transferred by the 1935 lease was perfected as against bona fide purchasers by the respondent's continued possession from 1935 until the present. By the same token the estate was not a voidable preference as it had been perfected more than four months prior to the petition in bankruptcy.

The decision of the District Court is affirmed.