**In re: Marc E. PEROSIO, Debra J. Perosio, Debtors.**

**Marc E. Perosio, Debra J. Perosio, Plaintiff–Appellants,**

**v.**

**NBT Bank National Association, Defendant–Appellee.**

**United States of America, Secured Creditor.**

**No. 06–5867–bk.**

United States Court of Appeals, Second Circuit.

May 14, 2008.

David H. Ealy, Trevett Cristo Salzer & Andolina P.C., Rochester, NY, for Appellants.

John T. Sullivan, Jr., Esq., Phillips Lytle LLP, Rochester, NY, for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Appellants Marc E. Perosio and Debra J. Perosio appeal from a judgment of the district court entered November 21, 2006, *see Perosio v. NBT Bank Nat'l Ass'n (In re Perosio)*, 364 B.R. 868 (N.D.N.Y.2006), affirming a decision of the United States Bankruptcy Court for the Northern District of New York (Stephen D. Gerling, *Chief Bankruptcy Judge* ), entered March 2, 2005. The bankruptcy court's decision, in relevant part, (1) granted a motion for summary judgment filed by the United States; [1] and (2) denied the Perosios' motions for summary judgment against the United States and NBT National Bank Association ("NBT"). On appeal, the Perosios contend that the bankruptcy court erred in ruling that the Perosios, acting as trustee, (1) could not avoid NBT's filings of two lis pendens under 11 U.S.C. § 547(b); and (2) could not avoid several of NBT's mortgages on certain of the Perosios' property under 11 U.S.C. § 544(a)(3).

The Perosios acquired the property at issue in 1980 by deed. In 1999, the Perosios executed two mortgages in favor of NBT, and in 2001, the Perosios executed two mortgages in favor of the Farm Service Agency of the United States Department of Agriculture ("FSA"). These mortgages were intended to encumber all of the Perosios' interest in the property acquired in the 1980 deed. However, the description of the land in the mortgage documents recorded in Cayuga and Tompkins Counties in New York contained several serious errors. In 2003, in conjunction with a state court action by NBT to reform the

mortgages and foreclose, NBT filed lis pendens in Cayuga and Tompkins Counties. The Perosios filed a voluntary petition pursuant to Chapter 12 of the Bankruptcy Code on November 13, 2003. On February 13, 2004, the Perosios, acting as trustee pursuant to 11 U.S.C. § 1203, brought an adversarial proceeding against NBT and the United States to avoid their mortgages under 11 U.S.C. § 544(a)(3) and to avoid NBT's lis pendens as preferential transfers under 11 U.S.C. § 547(b). We assume the parties' and counsel's familiarity with the underlying facts and procedural history of the case.

"Where, as here, a district court acts in its capacity as an appellate court in a bankruptcy case, the district court's decisions are subject to plenary review." *Smith v. Geltzer (In re Smith)*, 507 F.3d 64, 71 (2d Cir.2007) (citing *Dairy Mart Convenience Stores, Inc. v. Nickel (In re Dairy Mart Convenience Stores, Inc.)*, 411 F.3d 367, 371 (2d Cir.2005), and *Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*, 896 F.2d 1384, 1388 (2d Cir.1990)). We review the bankruptcy court's factual findings and legal conclusions directly, reversing its factual findings only if clearly erroneous and reviewing its conclusions of law *de novo.* *Id.*

Section 547(b) allows the trustee to avoid a "transfer of an interest of the debtor in property" if it occurred within 90 days of the date of the filing of the bankruptcy petition, and certain other conditions are met, such as that the transfer was "for or on account of an antecedent debt" and the transfer would enable a creditor to receive more than it would in a Chapter 7 distribution in the absence of

---

[1]. Subsequent to the district court's decision, the Perosios' complaint against the United States was dismissed by stipulation.

the transfer. *See* 11 U.S.C. §§ 547(b), 547(b)(4), 547(b)(2), 547(b)(5). The bankruptcy and district courts held that the Perosios could not avoid the filings of the lis pendens as preferential transfers under this section because they concluded that, under New York law, the filing of a lis pendens did not create a lien and only served as notice of a pending action related to real property. Thus, the courts held, the filing of the lis pendens could not constitute a "transfer of an interest of the debtor in property" under section 547(b).

We doubt the conclusion of the bankruptcy court and district court that the filing of a lis pendens in New York cannot be a "transfer of an interest of the debtor in property" within the meaning of 11 U.S.C. § 547(b). As the Ninth Circuit has observed, a "transfer of an interest of the debtor in property" occurs "where the transfer diminishes directly or indirectly the fund to which creditors of the same class can legally resort for the payment of their debts...." *Adams v. Anderson (In re Superior Stamp & Coin Co., Inc.)*, 223 F.3d 1004, 1007 (9th Cir.2000) (internal quotation marks, brackets, and citation omitted). To the extent the filing of a lis pendens in New York perfected a party's interest in real property against third parties that was not previously perfected, it might constitute a "transfer of an interest of the debtor in property" for purposes of section 547(b). *Cf. Hurst Concrete Prods., Inc. v. Lane (In re Lane)*, 980 F.2d 601, 604–05 (9th Cir.1992). The result of the filing of the lis pendens would be that the party would likely be treated as a secured creditor rather than a general creditor in bankruptcy, which would diminish the pool to which general creditors could look for payment.

■ Irrespective of whether that is so, however, we agree with the bankruptcy and district courts that NBT's filing of the lis pendens did not have the effect of perfecting its interest in the Perosios' property. That interest was perfected at the time NBT originally recorded the mortgages. Despite substantial errors in the description of the Perosios' property in the mortgage documents filed in Cayuga and Tompkins County, a hypothetical prospective purchaser would have had constructive and inquiry notice of NBT's interest. The Perosios' original 1980 deed specifically excluded four parcels from the land grant (the "exception parcels"). NBT's mortgages failed to include a description of the original land grant, and stated instead that the mortgages encumbered the four exception parcels that were specifically excluded from the land grant in the original deed. Moreover, the Perosios sold several sub-parcels out of one parcel of the land from the original deed, and the mortgage described those sub-parcels as exceptions to the exception parcels, which they could not possibly have been.

While under New York law a prospective purchaser is not charged with notice of documents outside the chain of title, *see Doyle v. Lazarro*, 33 A.D.2d 142, 144, 306 N.Y.S.2d 268, 270 (3d Dep't 1970), the law does impose a duty of inquiry on a prospective purchaser when documents within the chain of title would cause a reasonably prudent purchaser to inquire, *see Sweet v. Henry*, 175 N.Y. 268, 276, 67 N.E. 574, 576 (1903); *Fairmont Funding, Ltd. v. Stefansky*, 301 A.D.2d 562, 563, 754 N.Y.S.2d 54, 56 (N.Y.App.Div.2003). In this case, the magnitude of the error in describing the property the mortgages were intended to encumber—error that was apparent from discrepancies in documents in the chain of title alone—was such that the error would have suggested to a reasonable person that he or she should inquire further. Therefore, NBT's interest in the mortgages was perfected against third parties at

the time it filed the mortgage documents because subsequent purchasers would have had constructive and inquiry notice of NBT's interest in the Perosios' property despite the errors in the property description.

It was therefore not NBT's filings of the lis pendens that perfected its interest in the Perosios' property, but the original recording of the mortgages in 1999. Because the lis pendens did not have the effect of perfecting NBT's interest in the Perosios' property, the filings of the lis pendens did not diminish the fund to which general creditors of the same class could resort for payment of their debts, as with or without the lis pendens NBT would likely be treated as a secured creditor. *See Adams*, 223 F.3d at 1007. For that reason, the Perosios, acting as trustee, are not entitled to avoid the lis pendens because in this case they do not constitute "transfer[s] of . . . interest[s] of the debtor in property" within the meaning of section 547(b).

For the same reason, the Perosios are not entitled to avoid NBT's mortgages under 11 U.S.C. § 544(a)(3). That provision, one of the trustee's "strong arm" powers, allows a trustee "to avoid an obligation if a hypothetical purchaser, buying at the time the bankruptcy proceedings are initiated, would also be able to avoid the obligation." *Potter v. Sensenich (In re Potter)*, 313 F.3d 93, 95 (2d Cir.2002). Under New York law, a lis pendens serves as constructive notice that binds subsequent purchasers. *See* N.Y. C.P.L.R. § 6501. Because, as discussed above, the lis pendens are not avoidable, they would provide constructive notice of NBT's interest to a hypothetical purchaser buying at the time bankruptcy proceedings were initiated, and therefore the bankruptcy and district courts properly held that the Perosios could not avoid NBT's mortgages under

this provision. Moreover, even without the lis pendens, because the original mortgage filings would have provided constructive and inquiry notice to a hypothetical purchaser, a hypothetical purchaser would not be able to avoid NBT's mortgages, and the Perosios cannot avoid them under section 544(a)(3).

We therefore affirm the district court's decision affirming the decision of the bankruptcy court that the Perosios are not entitled to avoid the lis pendens under 11 U.S.C. § 547(b), nor the mortgages under 11 U.S.C. § 544(a)(3).For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.