JAMES J. PHELAN, Appellant, *v.* MARGARET BRADY, Impleaded, etc., Respondent.

Actual possession of real estate is sufficient notice to all the world of the existence of any right which the person in possession is able to establish.

In an action brought to foreclose a mortgage upon certain premises given by M., who held an apparently perfect record title to the same, it appeared that before the execution of the mortgage, M. had conveyed the premises to B. who was in possession, and, with her husband, occupied two rooms in the buildings on the premises; he also kept a liquor store in a part thereof; the other rooms she leased to various tenants, claiming to be the owner, and she collected the rents. Her deed was not recorded until after the giving of the mortgage. *Held,* that B.'s actual possession under her deed, although unrecorded, and its existence unknown to the plaintiff, was sufficient notice to him of her rights to defeat any claim under the mortgage.

Also, *held,* that the fact B. and her husband occupied the store and a living apartment in the building prior to the time she went into possession under her contract of purchase could not aid the plaintiff.

(Argued March 3, 1890 ; decided March 21, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 19, 1888, which affirmed a judgment in favor of defendant, dismissing plaintiff's complaint on the merits, upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are set forth in the opinion.

*N. B. Hoxie* for appellant. The plaintiff had not constructive notice of defendant's claim. ( *Williamson* v. *Brown,* 15 N. Y. 362, 364; *Pope* v. *Allen,* 90 id. 298, 303; *Cooke* v. *Travis,* 20 id. 400; *Staples* v. *Fenton,* 5 Hun, 172; 3 Wash. on Real Prop. 317; *Claiborne* v. *Holmes,* 51 Miss. 146; *Billington* v. *Welch,* 5 Binney, 129; *Page* v. *Waring,* 76 N. Y. 463, 471; *Chesterman* v. *Gardener,* 5 Johns. Ch. 29; *Grinstone* v. *Carter,* 3 Paige, 421; *Webster* v. *Van Steenbergh,* 46 Barb. 212.)

*William E. Wyatt* for respondent. The defendant Margaret Brady's possession and occupation under a deed, though unrecorded, was notice as to her ownership of the property. (Gerard on Real Estate, 593, 594; *Goveneur* v. *Lynch,* 2 Paige, 300; *Bank of Orleans* v. *Flagg,* 3 Barb. 318; *Tuttle* v. *Jackson,* 6 Wend. 213; *Moyer* v. *Hinman,* 13 N. Y. 184; *Trustees, etc.,* v. *Wheeler,* 61 id. 88–98; *Cavalli* v. *Allen,* 57 id. 517; *Chesterman* v. *Gardner,* 5 Johns. Ch. 39; *Territt* v. *Cowenhoven,* 11 Hun, 320; *Troup* v. *Hurlbut,* 10 Barb. 354; *Smith* v. *Jackson,* 76 Ill. 254; *Greer* v. *Higgins,* 20 Kan. 420; *Brown* v. *Volkening,* 64 N. Y. 76–83; *Page* v. *Waring,* 76 id. 463–470; *Seymour* v. *McKinstry,* 106 id. 230–238; *Robinson* v. *Wheeler,* 25 N. Y. 260; *People* v. *Snyder,* 41 id. 402; *Seymour* v. *Van Slyck,* 8 Wend. 403, 404; *Sharder* v. *Bunker,* 65 Barb. 608; *Brown* v. *Austin,* 30 id. 358; *Ernest* v. *Reed,* 49 id. 367; *Tracy* v. *Snowden,* 23 Wkly. Dig. 41; *Moyer* v. *Hinman,* 13 N. Y. 184; *Merithew* v. *Andrews,* 44 Barb. 200; 2 Pomeroy's Eq. Juris. 665.) The fact that the property in question is a tene-

ment-house, has no proper bearing on the question, and cannot change the rule. (*Page* v. *Waring*, 76 N. Y. 470; *Crosland* v. *M. S. F. Assn.*, 121 Penn. St. 82, 83; *Brown* v. *Volkening*, 64 N. Y. 84; *De Ruyter* v. *Trustees, etc.*, 2 Barb. Ch. 556; 2 Pomeroy's Eq. Juris. 665.) The defendant was guilty of no negligence. (*Seymour* v. *McKinstry*, 106 N. Y. 230.) The defendant being in actual possession under a deed covering the premises, and claiming under a specific title adversely to John E. Murphy, plaintiff's mortgagor, the mortgage under the Revised Statutes is void. (*Fish* v. *Fish*, 39 Barb. 13; *Cary* v. *Goodman*, 22 N. Y. 174; *Bradstreet* v. *Clarke*, 12 Wend. 675; *Christie* v. *Gage*, 71 N. Y. 189.)

O'BRIEN, J. On the 23d day of July, 1886, the plaintiff loaned to the defendant John E. Murphy the sum of $2,000, and took from him his bond, whereby he promised to pay the same with interest semi-annually in two years thereafter. On the same day, and as collateral security for the payment of the bond, Murphy and his wife executed, acknowledged and delivered to the plaintiff a mortgage upon certain real estate in the city of New York. The premises thus mortgaged consisted of a tenement building, or block, containing forty-three rooms or apartments, then occupied by twenty different occupants or families, as tenants from month to month, except that three of these apartments were occupied by the defendant. Margaret Brady and her husband, who kept a liquor store in part of the building, and they occupied two living rooms in the rear of the store, the wife claiming to be the owner of the premises and collecting rents from the other tenants.

The plaintiff, at the time he made the loan, had no actual notice or knowledge of any title to the premises in Mrs. Brady, or any claim on her part to be the owner. When the first installment of interest became due upon the mortgage, default was made, and the plaintiff brought this action to foreclose under a provision in the mortgage making the whole sum due upon default in the payment of the interest when due. Margaret Brady being in possession was made a party to the action,

and she answered, setting up the defense that prior to the execution and delivery of the plaintiff's mortgage, and on or about the 5th of May, 1886, she became the absolute owner in fee-simple of the premises described in the complaint and in the mortgage and of the whole thereof, and that upon becoming such owner, she took possession of the same, and that she has ever since continued in actual, open and notorious occupation and possession of the premises as such owner, and has ever since and still owns the same in fee-simple.

The trial court found that in March, 1886, Margaret Brady employed one Michael J. Murphy, an attorney, to examine the title to the premises in question and purchase the same for her, and before May 7, 1886, she gave said Murphy, as her attorney, the sum of $6,700 to be used as part of the purchase-money; that Murphy procured a contract for the sale of the premises to be made between Mary S. Trimble, who then owned the same, and his son John E. Murphy the defendant, in which contract the said John E. Murphy appeared to be the purchaser of the premises; that upon the execution of this contract, about March 19, 1886, Michael J. Murphy paid to Mrs. Trimble part of the sum of $6,700, which he had received for that purpose from Mrs. Brady, and the rest of that sum was paid to her on the 7th of May, 1886; that the balance of the purchase-price, namely $16,000, was secured to be paid to Mrs. Trimble by a purchase-money mortgage; that on the same day the purchase-price was thus paid, Mrs. Brady's lawyer took from Mrs. Trimble a deed of the premises to his son John E. Murphy, and the deed was duly recorded on that day; that on the 1st of May, 1886, Mrs. Brady took possession of the premises under the contract claiming to own the same, and has ever since remained in possession and occupied the same herself and by her tenants; that she rented certain rooms in the building to tenants immediately thereafter; that she discharged the housekeeper who had before that date rented the premises and collected the rents for Mrs. Trimble, and moved herself into the rooms formerly occupied by the housekeeper, and that she has received the rents ever since the 1st

of May, 1886 ; that on the fifth of May of that year a deed conveying the premises to Mrs. Brady was executed and duly acknowledged by the defendant John E. Murphy and his wife, and by him delivered to his son Michael J. Murphy as agent and attorney for Mrs. Brady ; that Murphy never had any interest in the premises, never paid any part of the consideration money and never had possession of the same or any part thereof ; that the said Michael J. Murphy retained the deed to Mrs. Brady in his possession until not later than the 25th of August, 1886, when he delivered the same to her and the same was recorded by her on the 26th of August, 1886, subsequent to the execution, delivery and record of the plaintiff's mortgage.

The trial court held that Mrs. Brady's title and possession was sufficient to defeat any claim under the plaintiff's mortgage, and dismissed the complaint, and this judgment has been affirmed by the General Term.

At the time of the execution and delivery of the mortgage to the plaintiff, the defendant Mrs. Brady was in the actual possession of the premises under a perfectly valid but unrecorded deed. Her title must, therefore, prevail as against the plaintiff. It matters not, so far as Mrs. Brady is concerned, that the plaintiff in good faith advanced his money upon an apparently perfect record title of the defendant John E. Murphy. Nor is it of any consequence, so far as this question is concerned, whether the plaintiff was in fact ignorant of any right or claim of Mrs. Brady to the premises. It is enough that she was in possession under her deed and the contract of purchase, as that fact operated in law as notice to the plaintiff of all her rights.

It may be true, as has been argued by the plaintiff's counsel, that when a party takes a conveyance of property situated as this was, occupied by numerous tenants, it would be inconvenient and difficult for him to ascertain the rights or interests that are claimed by all or any of them. But this circumstance cannot change the rule. Actual possession of real estate is sufficient notice to a person proposing to take a mortgage

on the property, and to all the world of the existence of any right which the person in possession is able to establish. (*Governeur* v. *Lynch*, 2 Paige, 300; *Bank of Orleans* v. *Flagg*, 3 Barb. 318; *Moyer* v. *Hinman*, 14 N. Y. 184; *Tuttle* v. *Jackson*, 6 Wend. 213; *Trustees of Union College* v. *Wheeler*, 61 N. Y. 88, 98; *Cavalli* v. *Allen*, 57 id. 517.)

The circumstance that Mrs. Brady and her husband occupied the store and a living apartment in the building prior to the time that she went into possession under her contract of purchase as tenants under Mrs. Trimble, the then owner, cannot aid the plaintiff. It does not appear that he ever heard of that fact till after the commencement of this suit, and we cannot perceive how it would affect the result if he had. The trial court found that prior to making the loan the plaintiff was upon the premises for other purposes, and that then, by making inquiry, he could have ascertained the rights of Mrs. Brady in the property, and while the absence of such a finding would not change the result, it shows that the plaintiff's loss is to be attributed to his confidence in Murphy, who probably deceived him, and to his failure to take notice of Mrs. Brady's possession.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.