TIMOTHY DOYLE, Respondent, *v.* PETER LAZARRO, Defendant, and CARL A. FIORELLI, Appellant and Third-Party Plaintiff-Respondent. SECURITY TITLE & GUARANTY COMPANY, Third-Party Defendant-Appellant.

Third Department, January 7, 1970.

*Joseph P. Torraca* for appellant.

*Napoletano, Kelly & Saccoman* (*Guido J. Napoletano* of counsel), for respondent.

*McCarthy, Fingar, Gaynor, Sullivan & Donovan* (*Daniel G. Donovan* and *Arthur Gaynor* of counsel), for third-party defendant-appellant.

REYNOLDS, J. P. This is an appeal from a judgment of the Supreme Court, Ulster County, holding that respondent Doyle rather than appellant Fiorelli was entitled to possession of a certain parcel of real property located in Ulster County.

Doyle bases his claim of title on a 1950 tax deed and Fiorelli through prior conveyances back to the owner at the time of the tax sale. Concededly, Fiorelli recorded his deed before Doyle and at the time he did so had no actual knowledge of any defect in the title he acquired from the record owner. Thus the sole question raised is whether one claiming under an unrecorded tax deed prevails over a subsequent purchaser in good faith from the record owner who records his deed first. This question in turn presents two subsidiary questions; first whether a tax sale deed is embraced by the recording acts, and secondly, if so whether Fiorelli nevertheless can be said to have had attributed to him sufficient notice of the tax conveyance to Doyle so as to defeat him even though he recorded first.

In our opinion the plain language of the relevant statutes (Real Property Tax Law, § 1018, subd. 2; Real Property Law, § 291; see, also, Real Property Law, § 290, subd. 3) brings a tax sale deed under the recording acts. We find no merit in the contention that recording under section 1018 of the Real Property Tax Law is simply permissive insofar as protection against a subsequent purchaser is concerned or that the recording acts do not apply because even if Doyle had recorded the tax deed it is unlikely that Fiorelli would have discovered it. The recording acts reflect a legislative presumption that a recorded deed constitutes notice to a subsequent purchaser. It matters not whether he checks the records but does not find the deed or neglects to check the records — he is unprotected in either case. Nor do we see the relevance of the fact that the county at the time of the sale held the subject property since it clearly did so here not as a sovereign or in public trust but in a proprietary

144

capacity (see *Hetzel* v. *Barber*, 69 N. Y. 1). *Lee* v. *Farone* (261 App. Div. 674, affd. 288 N. Y. 517) relied on by the trial court is inapposite in the instant case. Nor did the available records in the County Treasurer's office constitute notice to Fiorelli. A purchaser is not normally required to search outside the chain of title in order to determine if it is defective (*Buffalo Academy of Sacred Heart* v. *Boehm Bros.*, 267 N. Y. 242). The recording acts charge the purchaser with notice only of matters in the record (*Cymerman Bros.* v. *Payne Homes*, 5 Misc 2d 792, affd. 4 A D 2d 701, affd. 4 N Y 2d 937) and matters outside of the chain of title do not constitute notice (*Lyons Holding Corp.* v. *Home Tit. Ins. Co.*, 250 App. Div. 640). Thus, since the records in the County Treasurer's office did not constitute constructive notice to Fiorelli and since he did not have actual notice of these records, he cannot be charged with knowledge of their contents. Therefore, we find that Fiorelli took title free from Doyle's prior but unrecorded claim and, accordingly, the judgment must be reversed and the complaint dismissed.

The judgment should be reversed, on the law and the facts, and complaint dismissed, without costs.

STALEY, JR., GREENBLOTT, COOKE and SWEENEY, JJ., concur.

Judgment reversed, on the law and the facts, and complaint dismissed, without costs.