■ RAYMOND WARDELL et al., Respondents, v ELLIOTT J. OLDER, JR., et al., Appellants.—Appeal from a judgment of the County Court of Saratoga County in favor of plaintiffs, entered March 22, 1978, upon a decision of the court at Trial Term, without a jury. Plaintiffs* brought the within action pursuant to article 15 of the Real Property Actions and Proceedings Law to establish ownership in a 20-acre parcel of land conveyed to them by warranty deed in 1948 by Arthur L. Perry and Grace M. Perry, his wife. This deed, although delivered to the grantees, was not recorded until December 7, 1972. In 1963, Grace M. Perry (Arthur L. Perry having died) conveyed two parcels of land, one of which encompassed the parcel described in plaintiffs' deed, to the defendants. This deed was recorded on October 18, 1963. The 20-acre parcel in dispute is rectangular in shape,

---

* Plaintiffs, as used herein, refer to the original plaintiffs, Raymond and Henry Wardell. Subsequent to the commencement of this action, Henry Wardell died and the administratrix of his estate has been substituted as a party plaintiff.

bounded on the west by Sand Hill Road, on the south by North Creek Road, and is roughly bisected by the Kayaderosseras Creek. Plaintiffs' home is located on that portion north of the creek. The residence purchased by defendants was located on an adjacent parcel of land south of the creek. In 1972, plaintiffs discovered that the defendants possessed a deed encompassing their property and that their own deed was unrecorded. They thereafter commenced the action which is the subject of this appeal. The judgment should be affirmed. Although the trial court incorrectly found that the defendants were not purchasers within the meaning of the Recording Act because they did not know the exact property they were purchasing, the judgment is sustainable on other grounds set forth by the court in its decision. The trial court properly found, based on the evidence presented, that the defendants had sufficient facts in their possession to be on inquiry notice of the plaintiffs' interest; that had an inquiry been made, that interest would have been discovered; and that, thus, the defendants could not take advantage of the Recording Act *(Fidelity & Deposit Co. of Maryland v Queens County Trust Co.,* 226 NY 225, 233; cf. *Baker v Bliss,* 39 NY 70, 74). Furthermore, "The general rule is that actual possession of real estate is notice to all the world of the existence of any right which the person in possession is able to establish" *(Erlich v Hollingshead,* 275 App Div 742; see, also, *Phelan v Brady,* 119 NY 587, 591-592). It is undisputed that plaintiffs actually and openly occupied their house on the disputed parcel, north of the creek from 1949 until 1976. Defendants were aware of this fact. The contention of the defendants that they did not realize that the Wardell house was on their land because they believed their north boundary line was the creek was properly rejected. The defendants admitted that they had read the deed before purchasing the property. The deed twice recited that the property line crossed Kayaderosseras Creek. Therefore, as the trial court found, it was unreasonable for the defendants to conclude that the northern boundary line of their property was the creek. Moreover, the 1963 deed and defendants' contract to purchase the land referred to as the "Fox Farm" each contained a clause excepting from the conveyance "so much of said farm as may have heretofore been conveyed to others by Arthur L. Perry and Grace M. Perry or either of them." Finally, we find no error in the admission of certain property tax bills showing that taxes were assessed and paid on 20 acres of land assessed to Wardell in the Town of Greenfield. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.