■ PETER F. AIELLO et al., Respondents, v DOLORES WOOD, Appellant, et al., Defendant.—Appeal from an order of the Supreme Court at Special Term, entered July 2, 1979 in Ulster County, which granted plaintiffs' motion for summary judgment on the third cause of action in their complaint, severed that cause of action from the other causes of action contained in the complaint and struck the answer and counterclaim of the defendant Dolores Wood. On April 21, 1971, the plaintiffs purchased a residence located in Ulster County, New York, from Mr. Irving Ribsamen for $15,000. The conveyance was by a bargain and sale deed which was recorded April 21, 1971. Prior thereto, on September 26, 1969, the premises had been sold by the Ulster County Treasurer to the County of Ulster for unpaid property taxes. At that time the treasurer issued a certificate of tax sale. On October 1, 1972, the treasurer conveyed the premises by tax deed to the County of Ulster and that deed was recorded on June 28, 1976. On June 30, 1976 the defendant Wood purchased the premises from the county at public auction, and the deed was recorded July 9, 1976. Thereafter, that defendant advised the plaintiffs that she owned the property and that they must either vacate or rent the premises. The plaintiffs initiated a lawsuit and in the third cause of action of their complaint they sought to remove defendant Wood's claim to their premises. After issue had been joined, the plaintiffs moved for partial summary judgment on the third cause of action. The court at Special Term agreed with the plaintiffs on the authority of *Doyle v Lazarro* (33 AD2d 142, affd 33 NY2d 981) and granted their motion. A purchaser of real property is not normally chargeable with constructive notice of matters that are recorded outside of his chain of title *(Doyle v Lazarro, supra;* see *Andy Assoc. v Bankers Trust Co.,* 49 NY2d 13, 21). The records in the county treasurer's office are not in the chain of title and do not constitute constructive notice to the purchaser *(Doyle v Lazarro, supra).* Accordingly, in the instant case, unless the plaintiffs had actual notice of the prior tax sale, they would take free of the claim of the defendant Wood, which is predicated upon that sale. In the face of the plaintiff's sworn affidavit that she was unaware of the tax sale until 1976 and the presumption of good faith attending the plaintiffs' payment of fair market value for the property (see *Ochenkowski v Dunaj,* 232 App Div 441), the submission of an attorney's affidavit only by the defendant Wood in opposition raises no factual issue regarding lack of actual notice of the tax sale that would require trial determination. Accordingly, the order of Special Term granting the plaintiff's motion for summary judgment on the third cause of action as alleged in the complaint and dismissing the answer and counterclaim of the defendant Wood should be affirmed. Order affirmed, with costs. Greenblott, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.