■ JOANN A. MONDELLO, Respondent, v RODNEY J. MONDELLO et al., Defendants, and DIME SAVINGS BANK OF NEW YORK, FSB, Appellant.—In a mortgage foreclosure action, the defendant Dime Savings Bank of New York, FSB, appeals from an order of the Supreme Court, Westchester County (Ruskin, J.), entered July 9, 1991, which granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff and the defendant Rodney James Mondello entered into a stipulation of settlement of a divorce action, which was incorporated by reference, but not merged, in a judgment of divorce entered November 25, 1987, in the Supreme Court, Westchester County. That agreement provided, with reference to the marital residence, in pertinent part: "Plaintiff [wife] will execute a deed to the premises in favor of [the husband] and will vacate the Lis Pendens on that property, with the understanding that the [husband] will execute a Mortgage, Note and Deed, in her name which will be held in escrow by [her attorneys] to insure that the [husband] will pay the Plaintiff the sum of $325,000.00 with interest at 9% payable as follows: $200,000.00 on [March] 12, 1989, with interest at 9%, and the balance of $125,000.00 with interest at 9% on November 12, 1989". Pursuant to the terms of the stipulation, the wife executed a deed to the former marital residence to the husband which was recorded on December 18,

1987. The husband executed a mortgage naming the wife as mortgagee. On January 6, 1988, the wife recorded the judgment of divorce with the Westchester County Clerk, Division of Land Records. Thereafter, the husband obtained a mortgage on the marital residence from the Dime Savings Bank of New York, FSB (hereinafter Dime), in the amount of $300,000. The Dime mortgage was recorded on February 24, 1988. On November 20, 1989, after default by the husband in payment of the installments due under the stipulation of settlement, the wife recorded her mortgage upon the marital residence.

On appeal, Dime contends that its mortgage has priority over that of the wife, because its mortgage was recorded first. However, the wife duly recorded the judgment of divorce on January 6, 1988. Pursuant to Domestic Relations Law § 234 and Real Property Law § 297-b, Dime had constructive notice of the wife's prior interest. Accordingly, the court properly granted the wife summary judgment.

We have examined Dime's remaining contentions and find them to be without merit. Sullivan, J. P., Lawrence, Rosenblatt and O'Brien, JJ., concur.