■ KENNETH Y. NETHAWAY, SR., et al., Appellants, v SILVANA Y. BOSCH, Defendant, and ELEANOR K. ISABELLA, Respondent. [605 NYS2d 135] —Casey, J. Appeal from an order of the Supreme Court (Best, J.), entered August 3, 1992 in Fulton County, which granted defendant Eleanor K. Isabella's motion for summary judgment dismissing the complaint against her.

In August 1991 defendant Silvana Y. Bosch conveyed an unimproved corner lot in the City of Gloversville, Fulton County, to defendant Eleanor K. Isabella for $10,000. Shortly thereafter, plaintiffs commenced this action seeking, *inter alia,* a declaration that plaintiff Kenneth Y. Nethaway, Sr. (hereinafter Nethaway) is the sole and rightful owner of the property. Isabella's motion for summary judgment dismissing the complaint as to her was granted, resulting in this appeal by plaintiffs.

Isabella's motion was based upon her rights under the recording act *(see,* Real Property Law § 290 *et seq.)* as an alleged bona fide purchaser for value and, therefore, she was required to establish that she purchased the property for valuable consideration without knowledge of facts that would lead a reasonably prudent purchaser to make inquiry *(see, Berger v Polizzotto,* 148 AD2d 651, 652, *lv denied* 74 NY2d 612). It is undisputed that Isabella paid $10,000 for the lot, and we agree with Supreme Court that Nethaway's unsupported claim that the property is worth $35,000 is insufficient to create a question of fact on the issue of valuable consideration *(see, Reynolds v Springer Serv. Sta.,* 151 AD2d 466, 467). We reach a contrary conclusion regarding the knowledge issue.

According to Nethaway's affidavit in opposition to Isabella's motion, plaintiffs have, since 1984, operated a garage business

near the corner lot at issue and began renting the lot in 1986 in order to display used cars and trucks. Nethaway purchased the lot in 1988 and in 1990 he conveyed the property, without consideration, to Bosch, his daughter-in-law, who, according to the allegations of the verified complaint, promised to reconvey the property upon demand. The deed from Nethaway to Bosch, which was duly recorded, did not refer to any equitable interest retained by Nethaway.

" 'The general rule is that actual possession of real estate is notice to all the world of the existence of any right which the person in possession is able to establish' " (Wardell v Older, 70 AD2d 1008, 1009, quoting Erlich v Hollingshead, 275 App Div 742; see, Phelan v Brady, 119 NY 587, 591-592). Nethaway contends that the allegations of his use of the lot, as a partner in the family garage business to display used cars and trucks, are sufficient to raise a question of fact as to whether Isabella had constructive notice of Nethaway's claimed equitable interest in the property under the rule previously set forth. Isabella neither denies plaintiffs' use of the lot to display cars and trucks nor claims that she had no reason to know of such use. Instead, she contends that Nethaway failed to allege specifically that the use continued after the lot was conveyed to Bosch and, therefore, according to Isabella, plaintiffs failed to carry their burden as the opponents of the motion for summary judgment. We disagree.

The verified complaint alleges that plaintiffs paid no rent to Bosch for their use of the property and Isabella admitted in her affidavit that, from time to time, there were older trucks and automobiles on the lot, which she considered an "eyesore". Noticeably absent from Isabella's affidavit is any allegation that this "eyesore" did not continue after August 1990 or that she was unaware that the vehicles belonged to plaintiffs' business. We are of the view that Nethaway's allegations of fact, which were within his own personal knowledge, are sufficient to meet plaintiffs' burden as the opponents of the summary judgment motion, particularly in view of the burden of proof imposed on Isabella as the party claiming the benefit of the recording act (cf., Berger v Polizzotto, supra). We are also of the view that Nethaway submitted sufficient evidence to raise a question of fact on plaintiffs' claim that Isabella acted as the agent of her husband, who allegedly had actual knowledge of Nethaway's interest in the property.

Weiss, P. J., Mikoll, Yesawich Jr. and Mahoney, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.