■ DAVID FEKISHAZY et al., Respondents, v JOHN E. THOMSON, Respondent, and TRW TITLE INSURANCE OF NEW YORK, INC., as Successor in Interest to NATIONAL ATTORNEYS' TITLE INSURANCE COMPANY, Appellant. [612 NYS2d 276] —Cardona, P. J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Miller, J.), entered February 12, 1992 in Orange County, which, upon reconsideration, adhered to its prior decision, *inter alia,* denying a motion by defendant TRW Title Insurance of New York, Inc. to dismiss the complaint against it.

On April 24, 1984 Ruth Thomson, the owner of property located in Ulster County and improved by a multiple-unit residence, conveyed the property to herself and her son, Nicholas Amoroso, as tenants in common. On January 12, 1985 Ruth Thomson, as landlord, entered into a lease with defendant John E. Thomson, her husband, as tenant, for a portion of the premises from February 1, 1985 through January 30, 1999 at an annual rent payable in equal monthly installments. Amoroso did not sign the lease. By deed dated and recorded on May 6, 1986, Ruth Thomson and Amoroso conveyed sole title to Amoroso. On May 10, 1990 Ruth Thomson recorded the lease.

Thereafter, on or about August 12, 1990, Amoroso entered into a purchase and sale contract with plaintiffs and conveyed the property, a two-family house, by deed dated September 18, 1990. At closing, plaintiffs purchased a title insurance policy (hereinafter the policy) from National Attorneys' Title Insurance Company, the predecessor in interest of defendant TRW Title Insurance Company of New York, Inc. (hereinafter TRW). The policy excepted coverage for, *inter alia,* "[l]eases of record as noted herein" and "[r]ights of present tenants and

occupants on a month to month basis as per contract of sale". No lease of record was noted in the policy.

Plaintiffs commenced this action seeking declarations that the lease was not valid and that TRW was liable to indemnify them for counsel fees and costs associated with the action. John Thomson counterclaimed for a declaration that the lease was valid. TRW moved to dismiss the complaint pursuant to CPLR 3211. Plaintiffs and John Thomson each cross-moved for summary judgment. Supreme Court denied TRW's motion as well as plaintiffs' cross motion but, after determining that the lease was valid and ruling that he was entitled to joint occupancy, use and possession with plaintiffs, granted John Thomson's cross motion. TRW thereafter moved for reargument, which Supreme Court granted but adhered to its prior decision. TRW appeals.

TRW's primary contention is that the lease instrument, recorded more than five years after the lessor's conveyance of the property, was not within the direct chain of title of the subject premises and therefore does not constitute a defect or encumbrance affecting plaintiffs' title to the premises. Plaintiffs, while not directly disputing this contention, argue that TRW was put on "inquiry notice" of the existence of the lease based upon Ruth Thomson's tenancy, even though that tenancy was incorrectly shown on the sales contract as "month-to-month" "no written lease", because the lease was a matter of public record in the chain of title of the subject premises and, therefore, plaintiffs had an absolute right to rely on the expertise of TRW to locate it and raise it as an objection.

"The recording statutes in a grantor-grantee indexing system charge a purchaser with notice of matters only in the record of the purchased land's chain of title back to the original grantor *(see, Andy Assocs. v Bankers Trust Co.,* 49 NY2d [13], *supra,* at 24; 4A Warren's Weed, *op. cit.,* Recording, § 1.04, at 10; *Aiello v Wood,* 76 AD2d 1019; *Doyle v Lazarro,* 33 AD2d [142], *supra,* at 144, *affd without opn* 33 NY2d 981, *supra). Buffalo Academy [Buffalo Academy of the Sacred Heart v Boehm Bros. Inc.,* 267 NY 242] recognized that a 'purchaser is not normally required to search *outside* the chain of title' *(Doyle v Lazarro, supra* [emphasis added]; *accord, Steinmann v Silverman,* 14 NY2d 243, 247), and is not chargeable with constructive notice of conveyances recorded outside of that purchaser's direct chain of title where, as in [Ulster] County *(see,* Real Property Law § 316-a), the grantor-grantee system of indexing is used *(see, Andy Assocs. v Bankers Trust Co.,* 49 NY2d, *supra,* at 24; 4A Warren's Weed, *op. cit.,* Restrictive

Covenants, § 3.05, at 33-34; 5A Warren's Weed, *op. cit.,* Title Examination, § 5.18, at 67-68) *(Witter v Taggart,* 78 NY2d 234, 238-239).

"The concept of 'chain of title' has been largely moulded *[sic]* by judicial decisions as to the scope of a reasonable burden of searching the records. This has been, in turn, influenced by the indexing practices of recording offices. In consequence, it is commonly held that a purchaser is required to search the records only from the date on which a prior owner acquired title to the date on which he [or she] parted therewith. This rule excludes from the 'chain of title' any instrument recorded before acquisition, or after a recorded relinquishment." (Powell, Real Property ¶ 916 [abridged].)

Although the lease was recorded some four months before the conveyance of the property from Amoroso to plaintiffs, given the current grantor-grantee recording system utilized in Ulster County, we find this recording insufficient to charge plaintiffs with constructive notice of the lease *(see,* Real Property Law § 291) because it was recorded after Ruth Thomson's recorded relinquishment of her title to Amoroso. Consequently, the lease instrument was outside the "chain of title". As subsequent purchasers, plaintiffs were not required to search in the grantor-grantee indexing system outside their direct chain of title *(see, Buffalo Academy of Sacred Heart v Boehm Bros., supra; Doyle v Lazarro, supra).*[1]

Plaintiffs also contend that TRW was put on inquiry notice *(see, Witter v Taggart, supra,* at 241) of the existence of the Thomson lease because Ruth Thomson, a prior owner of record, was listed in the sales contract as a month-to-month tenant. " 'The general rule is that actual possession of real estate is notice to all the world of the existence of any right which the person in possession is able to establish' " *(Wardell v Older,* 70 AD2d 1008, 1009, quoting *Erlich v Hollingshead,* 275 App Div 742; *see, Phelan v Brady,* 119 NY 587, 591-592;

---

1. In *Smirlock Realty Corp. v Title Guar. Co.* (52 NY2d 179), relied on by plaintiffs, the Court of Appeals held that the insured's failure to disclose a material fact that was readily ascertainable by a search of the public record at the time the title insurance policy was issued was insufficient to void the policy's coverage pursuant to its misrepresentation clause *(see, supra,* at 189-190). That case is distinguishable however, because the county in Smirlock employed a *block and lot* system of recording as opposed to the *grantor-grantee* system in use in Ulster County. Furthermore, the title policy in *Smirlock* contained an affirmative covenant insuring access to public streets. In this case, TRW's failure to discover and note the recorded lease is an omission, not an affirmative covenant insuring against the existence of any recorded leases.

*Nethaway v Bosch,* 199 AD2d 654). Because it is not common practice for title insurance examiners to physically inspect the premises prior to the issuance of title insurance policies, most policies except the rights of persons in possession *(see, Herbil Holding Co. v Commonwealth Land Tit. Ins. Co.,* 183 AD2d 219, 224, 226) to avoid the notice problem that arises out of actual possession. In this case, however, the policy issued by TRW's predecessor in interest, as previously noted, excepted only "[r]ights of present tenants and occupants on a month-to-month basis as per contract of sale". Therefore, the rights of all persons in possession, particularly those in possession pursuant to a lease, were not excepted. Thus, TRW was chargeable with the same notice from the occupants' actual possession of the property as plaintiffs.

Nevertheless, it is our view that the actual possession by Ruth Thomson did not provide notice of the lease. The possession that will be equivalent to actual notice must be "inconsistent with the title of the apparent owner by the record" *(Holland v Brown,* 140 NY 344, 348; *see, Schenectady Sav. Bank v Wertheim,* 237 App Div 311, 313, *affd* 263 NY 585). The record owner in this case expressly provided in the contract of sale that the premises were being sold subject to Ruth Thomson's month-to-month tenancy. Ruth Thomson's possession of the premises was entirely consistent with her rights as a month-to-month tenant and, therefore, her actual possession was not inconsistent with the title of the apparent owner by the record. Her possession, therefore, could not provide notice of the lease. Furthermore, because John Thomson's residence in the apartment with his wife was entirely consistent with her month-to-month tenancy, and not inconsistent with the title of the record owner, his possession, like his wife's, could not establish actual notice of the lease *(cf., Pope v Allen,* 90 NY 298, 302; *Diamond v Wasserman,* 8 AD2d 623, 624). TRW's failure to inquire under these circumstances does not defeat its claim that plaintiffs, as subsequent bona fide purchasers for value, were entitled to the protection of the Recording Act (Real Property Law § 290 *et seq.; see, Sweet v Henry,* 175 NY 268, 276; *Wardell v Older, supra; see also, United States v McCombs-Ellison,* 826 F Supp 1479, 1493-1494).

Accordingly, we grant judgment in TRW's favor[2] and de-

---

2. Because this is a declaratory judgment action, we treat TRW's motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7) as a motion for a declaration in its favor *(see,* Siegel, NY Prac § 440, at 669 [2d ed]).

clare that the lease from Ruth Thomson to John Thomson does not constitute a defect or encumbrance affecting plaintiffs' title to the premises for the purposes of determining TRW's liability under its title insurance policy and that TRW should be discharged of all responsibility to plaintiffs under its title insurance policy. In anticipation of such a declaration, plaintiffs requested in their brief that we take the additional step of declaring the lease to be invalid and unenforceable as against them. However, plaintiffs failed to appeal Supreme Court's order that granted summary judgment to John Thomson and awarded him joint occupancy, use and possession of the premises pursuant to the lease. Under these circumstances, we lack the authority to grant their request for affirmative relief (see, Hecht v City of New York, 60 NY2d 57).

White, Casey, Weiss and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion by defendant TRW Title Insurance of New York, Inc. to dismiss the complaint; said motion treated as a motion for a declaration in its favor, motion granted, and it is declared that the lease from Ruth Thomson to defendant John E. Thomson does not constitute a defect or encumbrance affecting plaintiffs' title to the premises and that defendant TRW Title Insurance of New York, Inc. is discharged of all responsibility to plaintiffs under its title insurance policy; and, as so modified, affirmed.