■ STATE STREET BANK AND TRUST COMPANY, Appellant, v JEANNE HAMENT, Defendant, and HOLLENBERG LEVIN SOLOMON ROSS & BELSKY, Respondent. [626 NYS2d 204] —In a mortgage foreclosure action, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), entered December 27, 1993, as declared that a certain mortgage held by the plaintiff is subordinate to a judgment entered in favor of the defendant Hollenberg Levin Solomon Ross & Belsky.

Ordered that the order is affirmed insofar as appealed from, with costs.

In an order entered August 26, 1987, the Supreme Court, Nassau County, temporarily enjoined the defendant Jeanne Hament from "selling, transferring, conveying, or otherwise disposing of" a certain marital residence located in Nassau County during the pendency of a divorce action commenced by her husband. This order was recorded against the marital realty in the Nassau County Clerk's Office. Although the plaintiff's predecessor in interest had actual notice of the August 26, 1987, order, it nevertheless loaned the sum of $1,800,000 to Jeanne Hament and secured the loan by taking back a mortgage on the premises. The plaintiff's predecessor in interest recorded this mortgage with the Nassau County Clerk on October 25, 1989. Subsequently, Jeanne Hament and her husband entered into a settlement agreement which finally disposed of the divorce action and which by its express terms required Jeanne Hament to execute a confession of judgment in favor of the defendant law firm of Hollenberg Levin Solomon Ross & Belsky (hereinafter the law firm). The confession of judgment arose out of and was executed contemporaneously with the stipulation of settlement, and it constituted a lien against the subject property. The plaintiff thereafter commenced a foreclosure action and moved, *inter alia,* for summary judgment declaring that its mortgage had priority over the law firm's judgment lien. The law firm cross-moved, *inter alia,* summary judgment declaring that its judgment lien had priority over the plaintiff's mortgage lien.

Contrary to the plaintiff's contention, the Supreme Court correctly determined that by encumbering the subject property with the mortgage loan, Jeanne Hament violated the August 26, 1987 order and that the plaintiff's predecessor was aware of that violation *(see,* Real Property Law § 290 [3]). Accordingly, the court properly determined that the mortgage was subordinate to the judgment lien held by the law firm, which arose out of the settlement of the divorce action.

We have considered the appellant's remaining contentions and find them to be without merit. Sullivan, J. P., Copertino, Hart and Krausman, JJ., concur.