■ TOMPKINS COUNTY TRUST COMPANY, Appellant, v GERALD R. TALANDIS et al., Defendants, and VITA TALANDIS, Respondent. [690 NYS2d 330] —Graffeo, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered May 5, 1998 in Tompkins County, which, *inter alia*, granted defendant Vita Talandis' cross motion for summary judgment in a mortgage foreclosure action and declared that her interest in the foreclosed property was senior to plaintiff's interest.

This foreclosure action involves a priority dispute between a mortgage lender and the occupant, defendant Vita Talandis (hereinafter defendant), of the premises at issue. Defendant and defendant Gerald R. Talandis (hereinafter Talandis) were married in 1961 and entered into a separation agreement in

April 1981 which provided defendant with the exclusive right to occupy what had been the marital residence until the subject property was sold, at which time defendant's right of possession would be transferred to a "substitute residence". Defendant was to receive a second mortgage on the substitute residence equal to one half of the net proceeds of sale of the former marital residence. The separation agreement was incorporated into, but not merged with, the judgment of divorce granted in October 1982 and thereafter entered in the County Clerk's office. In August 1983, defendant selected a substitute residence (hereinafter the Nelson Road property) and Talandis acquired title to the property. The parties modified their agreement accordingly and, a little more than a year later, another amendment was executed by the parties to permit Talandis to retain ownership of the former marital residence in consideration of $14,000 to be paid to defendant by monthly payments pursuant to a promissory note. The amendments to the separation agreement were not filed.

At the time Talandis purchased the Nelson Road property in 1983, he obtained a $53,000 mortgage loan from Troy Savings Bank. In October 1986 Talandis refinanced with plaintiff, securing a $64,000 mortgage loan and satisfying the Troy Savings Bank lien. In 1992 Talandis defaulted on the loan and plaintiff secured a judgment of foreclosure, but before consummating a foreclosure sale in 1995 plaintiff consented to a $73,500 consolidated refinancing of the earlier mortgage and other moneys owed. When Talandis failed to make any of the payments on the consolidated loan, plaintiff commenced this foreclosure action. Plaintiff moved for partial summary judgment seeking a declaration that defendant's interest was subordinate to its lien and defendant cross-moved for summary judgment asserting that her rights were superior. Supreme Court denied plaintiff's motion and granted defendant's cross motion, finding that plaintiff was not a "bonafide purchaser for value" and, therefore, not protected by the recording statute (*see*, Real Property Law § 291) with respect to defendant's interest.

On appeal, plaintiff contends that its mortgage was senior to any interest that defendant acquired in the property because it obtained and recorded its mortgage without notice of defendant's unrecorded interest and was, therefore, a good-faith purchaser for value. Defendant, on the other hand, argues that her interest in the property upon which plaintiff sought to foreclose was senior to plaintiff's rights because plaintiff had actual and/or constructive notice of her possessory interest in the property.

Initially, we reject defendant's contention that the entry of the judgment of divorce provided constructive notice to plaintiff of her possessory interest. Notably, the record does not support a finding that the divorce was filed in the same manner as a conveyance pursuant to Real Property Law § 297-b (*see,* Domestic Relations Law § 234 [2]; *see also, Mondello v Mondello,* 178 AD2d 587; *cf., State St. Bank & Trust Co. v Hament,* 213 AD2d 623, *lv dismissed* 86 NY2d 778; Scheinkman, 1988 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C234:4, 1999 Supp Pamph, at 27). Such a filing would have protected defendant's right to possession by providing constructive notice in the chain of title to third parties.

As Supreme Court correctly surmised, reliance upon a chain of title search does not inoculate a lender where other evident circumstances, in the exercise of reasonable diligence, would disclose an existing legal or equitable interest (*see, Sweet v Henry,* 175 NY 268; *Williamson v Brown,* 15 NY 354). In the absence of disclosure based on constructive notice (*see, e.g., Witter v Taggart,* 78 NY2d 234), the issue of actual notice of a possessory interest must be examined (*see, Schenectady Sav. Bank v Wertheim,* 237 App Div 311, *affd* 263 NY 585). Although a purchaser may have a duty to ascertain the extent of the interest of a person who is in possession of the premises (*see, Sweet v Henry, supra; Nethaway v Bosch,* 199 AD2d 654), in order for the possession to operate as the equivalent of actual notice, the possession must be "actual, open and visible occupation, inconsistent with the title of the apparent owner by the record; not equivocal, occasional or for a special or temporary purpose; neither can it be consistent with the title of the apparent owner by the record" (*Holland v Brown,* 140 NY 344, 347-348; *see, Fekishazy v Thomson,* 204 AD2d 959, 962, *appeal dismissed* 84 NY2d 844, *lv denied* 84 NY2d 812; *see also, Schenectady Sav. Bank v Wertheim, supra,* at 313).

Therefore, the dispositive issues in this case are whether plaintiff was without knowledge "of facts that would lead a reasonably prudent purchaser to make inquiry" (*Nethaway v Bosch, supra,* at 654) regarding defendant's occupancy of the Nelson Road property, and whether defendant's occupancy and representations to plaintiff were inconsistent with Talandis' fee interest and thereby constituted actual notice of an adverse interest (*see, Fekishazy v Thomson, supra,* at 962; *see generally, Yen-Te Hsueh Chen v Geranium Dev. Corp.,* 243 AD2d 708, *lv dismissed* 91 NY2d 921). Although it is undisputed that plaintiff was aware of the Talandises' divorce and defendant's

presence at the property, plaintiff denied that it had any knowledge of the terms of the divorce judgment or separation agreement. Further, the record in this case indicates that the financial statement submitted by Talandis to plaintiff did not indicate that he derived any rental income from defendant, implying that there was no written lease with defendant. Defendant's four judgments against Talandis evidenced his considerable indebtedness to defendant, but did not suggest a possessory interest in the real property.

While it is evident that defendant was under considerable pressure from Talandis to cooperate, defendant nevertheless failed to voice any possessory interest in the property during the course of negotiations and dealings to arrange the consolidated refinancing, which included several direct contacts between plaintiff and defendant prior to the loan closing. Earlier, in anticipation of the 1993 judgment of foreclosure sale, defendant searched for another residence and at some point, the property had been listed for sale for more than two years. Defendant's silence during the refinancing negotiations, while represented by counsel, and her further consent to the subordination of her four judgment liens against Talandis belied her future assertion of an equitable or legal interest in the property superior to that of plaintiff.

We do not find that defendant's occupancy of the premises, in light of the totality of the circumstances, would give rise to a reasonable inference that she intended to assert an adverse claim inconsistent with Talandis' ownership; therefore, to the extent that it existed, defendant's interest was subordinate to plaintiff's 1995 mortgage.

Cardona, P. J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, defendant Vita Talandis' cross motion for summary judgment denied, plaintiff's motion for summary judgment granted and it is declared that defendant Vita Talandis' interest in the foreclosed property was subordinate to plaintiff's 1995 mortgage. [*See,* 176 Misc 2d 632.]