JOSEPH COCO, Appellant, v RICHARD A. RANALLETTA et al., Defendants, and BANK OF NEW YORK, as Trustee Under the Pooling and Service Agreement Dated as of 5/31/96 Series 1996-B, Respondent. [759 NYS2d 274] —Appeal from a judgment (denominated order) of Supreme Court, Monroe County (Cornelius, J.), entered March 12, 2002, which, inter alia, granted the motion of defendant Bank of New York for summary judgment declaring that the mortgages on property located at 115-119 Lydia Street in Rochester assigned to defendant are superior to plaintiff's mortgage on that property.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted the motion of the Bank of New York (defendant) for summary judgment, declaring that mortgages on property located at 115-119 Lydia Street in Rochester assigned to defendant are superior to plaintiff's mortgage on that property. Contrary to plaintiff's contention, defendant is not charged with constructive notice of plaintiff's previously recorded mortgage, which was incorrectly indexed as a result of the misspelling of the mortgagor's name on plaintiff's mortgage instrument (*see O'Neill v Lola Realty Corp.,* 264 App Div 60, 63 [1942]). Because plaintiff's mortgage is recorded outside the relevant chain of title, defend-

ant is not chargeable with constructive notice thereof (*see Doyle v Lazarro*, 33 AD2d 142, 144 [1970], *affd* 33 NY2d 981 [1974]; *see also Witter v Taggart*, 78 NY2d 234, 238-239 [1991]; *Buffalo Academy of Sacred Heart v Boehm Bros.*, 267 NY 242, 250 [1935]). Although the Monroe County Clerk's computerized index may be searched phonetically to reveal plaintiff's mortgage despite the misspelling, the existence of such a search capability "has no bearing on the dispositive issue of whether * * * [defendant is charged with] constructive notice of [plaintiff's] undischarged mortgage" (*First Natl. Bank of Scotia v Riccio*, 236 AD2d 697, 697-698 [1997]), inasmuch as defendant is "not required to search outside [his] direct chain of title" (*Clements v Schultz*, 200 AD2d 11, 14 [1994]; *see Witter*, 78 NY2d at 239; *Doyle*, 33 AD2d at 144; *Fekishazy v Thomson*, 204 AD2d 959, 960-961 [1994], *appeal dismissed* 84 NY2d 844 [1994], *lv denied* 84 NY2d 812 [1995]). Present—Pine, J.P., Wisner, Kehoe, Burns and Gorski, JJ. [*See* 189 Misc 2d 535.]