*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 8, 2016                    522775
_____

RUSSELL E. COOPER,

                          Appellant,

        v

JAMES E. PULLAR et al.,

                          Defendants,          MEMORANDUM AND ORDER
        and

FIRST NIAGARA BANK, N.A.,
    Formerly Known as FIRST
    NIAGARA BANK, as Successor
    by Merger to HUDSON RIVER
    BANK AND TRUST,

                          Respondent.
_____


Calendar Date:  October 17, 2016

Before:  Egan Jr., J.P., Rose, Clark, Mulvey and Aarons, JJ.

                        _____


        Englert, Coffey, McHugh & Fantauzzi, LLP, Schenectady
(Peter V. Coffey of counsel), for appellant.

        Schiller, Knapp, Lefkowitz & Hertzel, LLP, Latham (Gary A.
Lefkowitz of counsel), for respondent.

                        _____


Aarons, J.

        Appeal from an order of the Supreme Court (Elliott III,
J.), entered June 26, 2015 in Rensselaer County, which, among
other things, granted a cross motion by defendant First Niagara
Bank, N.A. for summary judgment dismissing the complaint against
it.

In 1999, plaintiff and his wife entered into a lease with defendants James E. Pullar and Doris E. Pullar to rent a residential property located in the City of Troy, Rensselaer County.  This lease, which contained an option-to-buy provision, was not recorded.  In 2003, the Pullars sold the subject property to defendant Samuel Barr, who obtained a loan from defendant First Niagara Bank, N.A. (hereinafter defendant) secured by a mortgage on the property.  The mortgage was recorded in 2003.  Notwithstanding this sale, plaintiff and his wife remained tenants of the property, continued to occupy the house and made rental payments to Barr.

After Barr failed to make payments due under the loan, defendant commenced an action in 2011 to foreclose on the subject property.  While plaintiff and his wife were originally named as defendants in the foreclosure action as "John Doe#1-#50" and "Mary Roe#1-#50," respectively, they were served with process and eventually the caption was amended to include their names in place of the fictitious names.  Plaintiff and his wife neither appeared nor answered in the foreclosure action and a judgment of foreclosure and sale was granted.  Plaintiff subsequently commenced this action seeking, among other things, to declare defendant's mortgage on the subject property null and void.  Following joinder of issue, plaintiff moved and defendant cross-moved for summary judgment.  Supreme Court, among other things, granted defendant's cross motion.  Plaintiff now appeals.

Even if we agreed with plaintiff that res judicata and collateral estoppel were inapplicable, because defendant was entitled to protection of New York's recording statutes, we conclude that Supreme Court properly granted summary judgment in defendant's favor.  It is undisputed that plaintiff's lease with the Pullars was not recorded.  It is also undisputed that defendant's mortgage with Barr was validly recorded.  This appeal therefore centers on whether defendant had a duty to further inquire about plaintiff's claimed interest in the property.

In asserting that defendant was required to make a further inquiry, plaintiff relies on his possession of the property.  Indeed, actual possession of real estate generally gives notice to all of the world of the existence of a right that a person in

possession may establish (see Wardell v Older, 70 AD2d 1008, 1009 [1979]).  But, "[t]he possession that will be equivalent to actual notice must be inconsistent with the title of the apparent owner by the record" (Fekishazy v Thomson, 204 AD2d 959, 962 [1994] [internal quotation marks and citation omitted], appeal dismissed 84 NY2d 844 [1994], lv denied 84 NY2d 812 [1995]; see Ward v Ward, 52 AD3d 919, 921 [2008]; Berger v Polizzotto, 148 AD2d 651, 652 [1989], lv denied 74 NY2d 612 [1989]).  Here, plaintiff's mere possession and occupancy of the property with his family did not give defendant notice of any conflicting interest that plaintiff had in the property.  In other words, plaintiff's occupancy was wholly consistent with his rights as a tenant under the lease given that he continued to live at the property and paid monthly rent (see 10 Cardinal Lane, LLC v N.K.T. Land Acquisitions, Inc., 117 AD3d 1133, 1134-1135 [2014]; Stracham v Bresnick, 76 AD3d 1009, 1011 [2010]; Tompkins County Trust Co. v Talandis, 261 AD2d 808, 810-811 [1999], lv dismissed 93 NY2d 1041 [1999]; compare Mortgage Elec. Registration Sys., Inc. v Pagan, 119 AD3d 749, 753 [2014]).  Under these circumstances, no basis exists to void defendant's mortgage and, thus, we find that Supreme Court properly granted defendant's cross motion for summary judgment.

        Egan Jr., J.P., Rose, Clark and Mulvey, JJ., concur.


        ORDERED that the order is affirmed, with costs.



                        ENTER:



                        Robert D. Mayberger
                        Clerk of the Court