■ JAY BOHENSKY, ESQ., as Nominee, Respondent, v 3912 NU RAINSPRING, LLC, et al., Defendants, and NACHMAN SELKA et al., Appellants. [48 NYS3d 481]—

In an action to foreclose a mortgage, the defendants Nachman Selka, Chaya Perel Ungar, and Chaim Yankel Unger appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated June 26, 2014, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them, to strike the eighteenth affirmative defense from their answer, and for an order of reference, and (2) from an order of reference of the same court dated February 26, 2015, which, inter alia, referred the matter to a referee to ascertain and compute the amount due on the mortgage loan.

Ordered that the order dated June 26, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order of reference dated February 26, 2015, is dismissed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the order of reference dated February 26, 2015, must be dismissed, as the order is not appealable as of right, and leave to appeal has not been granted (*see JPMorgan Chase Bank, N.A. v Mantle*, 134 AD3d 903, 904 [2015]; *Levitin v Boardwalk Capital, LLC*, 78 AD3d 1019 [2010]).

On June 5, 2008, David Kenner, as a member of the defendant 3912 NU Rainspring, LLC (hereinafter 3912 Rainspring), the sponsor of a condominium complex known as the Rainspring Gardens Condominium, executed a note in favor of Jay Bohensky, "as Nominee" for Cash and Carry Filing Services, LLC (hereinafter the plaintiff), which was secured by a mortgage on a condominium unit designated as Unit A-3, located at a stated street address in Brooklyn (hereinafter the

unit). The mortgage was recorded on July 15, 2008. Subsequently, 3912 Rainspring and Kenner defaulted on their respective obligations under the note and mortgage.

In 2010, the plaintiff commenced an action to foreclose the mortgage against, among others, 3912 Rainspring, Kenner, the Board of Managers of the Rainspring Gardens Condominium, and "John Does 1-100." Upon the default of the named defendants in answering the complaint, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference. The plaintiff subsequently moved to confirm the referee's report and for a judgment of foreclosure and sale. At that juncture, nonparties Nachman Selka, Chaya Perel Ungar, and Chaim Yankel Unger (hereinafter collectively the Selka defendants) cross-moved to dismiss the complaint for failure to name them as necessary parties, alleging that they were parties in possession of the unit and that, although his interest had not been recorded, Selka had purchased the unit from 3912 Rainspring in February 2007. The plaintiff discontinued the action pursuant to CPLR 3217 (a) and, in August 2013, commenced the instant action to foreclose the mortgage, naming as defendants, among others, 3912 Rainspring, Kenner, the Board of Managers of the Rainspring Gardens Condominium, and the Selka defendants. By order dated June 26, 2014, the Supreme Court granted those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the eighteenth affirmative defense of the Selka defendants' answer, which asserted that the plaintiff was not a bona fide encumbrancer for value because they were in open possession of the unit, and for an order of reference. We affirm the order insofar as appealed from.

The issue here is whether the plaintiff had " 'knowledge of any fact, sufficient to put him on inquiry as to the existence of some right or title in conflict with that he is about to purchase' " (*Maiorano v Garson*, 65 AD3d 1300, 1303 [2009], quoting *Williamson v Brown*, 15 NY 354, 362 [1857]). " 'Actual possession of real estate is sufficient notice to a person proposing to take a mortgage on the property, and to all the world of the existence of any right which the person in possession is able to establish' " (*Lucas v J&W Realty & Constr. Mgt., Inc.*, 97 AD3d 642, 643 [2012], quoting *Phelan v Brady*, 119 NY 587, 591-592 [1890]).

Here, the plaintiff did not contest the Selka defendants' claim, asserted in the eighteenth affirmative defense of their answer, that Chaya Perel Unger and Chaim Yankel Unger were parties in possession of the unit since November 2007. Their

actual possession of the property thus served as "sufficient notice to a person proposing to take a mortgage on the property, and to all the world of the existence of any right which the person in possession [was] able to establish" (*Phelan v Brady*, 119 NY at 591-592).

The plaintiff made no inquiry as to the nature of the possession of the unit by the defendants Chaya Perel Ungar and Chaim Yankel Unger. However, the plaintiff demonstrated, prima facie, that an inquiry would have revealed that those defendants' possession of the unit, although open and visible, was not inconsistent with the title of the apparent owner of record, 3912 Rainspring, at the time the mortgage was made, and further, that Selka would not have been able to establish title (*see Cooper v Pullar*, 145 AD3d 1247 [2016]; *Ward v Ward*, 52 AD3d 919, 921 [2008]; *Tompkins County Trust Co. v Talandis*, 261 AD2d 808, 810 [1999]). The plaintiff established, prima facie, that no deed transferring the unit to Selka existed. Selka did not have an enforceable contract of sale for the unit. Contrary to the Selka defendants' contention, the subject purchase agreement did not satisfy the statute of frauds, as the agreement did not adequately identify the property. "Apartment A-3" was identified, but the street address of the unit at issue was not. In addition, the purchase agreement did not set forth the time and terms of payment, the required financing, the closing date, the quality of title to be conveyed, and the risk of loss during the sale period (*see Nesbitt v Penalver*, 40 AD3d 596, 598 [2007]).

In opposition, the Selka defendants failed to raise a triable issue of fact. Contrary to their contention, they did not raise a triable issue of fact as to whether Selka had title to the unit based on partial performance. While the statute of frauds empowers courts of equity to compel specific performance of agreements in cases of partial performance (*see* General Obligations Law § 5-703 [4]), the claimed partial performance "must be unequivocally referable to the agreement" (*Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 235 [1999]). " 'Unequivocally referable' conduct is conduct which is 'inconsistent with any other explanation' " (*Barretti v Detore*, 95 AD3d 803, 806 [2012], quoting *745 Nostrand Retail Ltd. v 745 Jeffco Corp.*, 50 AD3d 768, 769 [2008], quoting *Richardson & Lucas, Inc. v New York Athletic Club of City of N.Y.*, 304 AD2d 462, 463 [2003]). With respect to Selka's payments, those payments were not identified as purchase payments for the unit when the payments were made. Furthermore, the utility bills in the name of the Selka defend-

ants that they submitted with their opposing papers were not inconsistent with renting, rather than owning, the unit.

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the eighteenth affirmative defense of the Selka defendants' answer, and for an order of reference. Dillon, J.P., Roman, Hinds-Radix and Barros, JJ., concur.