Valiotis v Bekas (2021 NY Slip Op 08214)





Valiotis v Bekas


2021 NY Slip Op 08214


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-13321
2019-13322
 (Index No. 23426/10)

[*1]Efstathios Valiotis, respondent, 
v
Demetrios Bekas, et al., defendants, Vaia Bekas, appellant.


Vaia Bekas, Bayside, NY, appellant pro se.
Harrington, Ocko & Monk, LLP, White Plains, NY (Kevin J. Harrington and Erin Durba of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Vaia Bekas appeals from (1) an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered September 17, 2019, and (2) an order of the same court entered September 24, 2019. The order entered September 17, 2019, insofar as appealed from, granted the plaintiff's motion for a judgment of foreclosure and sale and an order of reference and denied the application of the defendant Vaia Bekas, in effect, to dismiss the complaint. The order entered September 24, 2019, inter alia, granted certain motions by the plaintiff for relief against the defendant Demetrios Bekas and referred the matter to a referee to ascertain and compute the amount due on the mortgage loan.
ORDERED that the appeal from so much of the order entered September 17, 2019, as denied the application of the defendant Vaia Bekas, in effect, to dismiss the complaint is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a]), and leave to appeal has not been granted; and it is further,
ORDERED that the order entered September 17, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that the appeal from the order entered September 24, 2019, is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2010, the plaintiff commenced this action to foreclose a mortgage against the defendants Vaia Bekas (hereinafter the defendant), her husband, and others. Subsequently, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and to strike her answer. The defendant did not appeal from the order, inter alia, granting summary judgment against her.
Following protracted motion practice, the plaintiff moved for a judgment of [*2]foreclosure and sale and an order of reference. The defendant opposed the motion, arguing, among other things, that the plaintiff failed to comply with 22 NYCRR 202.48(a) and Administrative Order 431/11, and was not entitled to a judgment of foreclosure and sale against her based on the affirmative defenses previously asserted in her stricken answer. In an order entered September 17, 2019, the Supreme Court, inter alia, granted the plaintiff's motion. Thereafter, in an order entered September 24, 2019, the court, among other things, granted certain motions by the plaintiff for relief against the defendant's husband and referred the matter to a referee to ascertain and compute the amount due on the mortgage loan. The defendant appeals from both orders.
The appeal from so much of the order entered September 24, 2019, as referred the matter to a referee to ascertain and compute the amount due on the mortgage loan must be dismissed, as that portion of the order is not appealable as of right, and leave to appeal has not been granted (see Caerus Terra Props., LLC v Sulton, 178 AD3d 766, 767; Bohensky v 3912 NU Rainspring, LLC, 148 AD3d 666). The appeal from the remainder of the order entered September 24, 2019, must be dismissed, as a substantial right of the defendant was not affected thereby (see CPLR 5701[a][2][v]), or the defendant was not aggrieved thereby (see Mixon v TBV, Inc., 76 AD3d 144, 157).
In the order entered September 17, 2019, the Supreme Court properly granted the plaintiff's motion for a judgment of foreclosure and sale and an order of reference, as the defendant failed to demonstrate the plaintiff's noncompliance with either 22 NYCRR 202.48(a) or Administrative Order 431/11 (see generally Bank of N.Y. Mellon v Izmirligil, 144 AD3d 1063, 1064-1067).
The defendant's remaining contentions are either without merit or not properly before this Court.
MASTRO, A.P.J., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court